Jane DOE,

v.

**ABBOTT LABORATORIES, et al.**

Civ. A. No. 94–2913.

United States District Court,
E.D. Louisiana.

July 19, 1995.

---

Richard Lynn Ducote, David R. Fine, Fine & Associates, New Orleans, LA, Troy Gerard Broussard, Covington, LA, for plaintiff.

Henry Bernis Alsobrook, Jr., Richard Anthony Goins, Janis van Meerveld, Adams & Reese, New Orleans, LA, for defendants.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court is "Plaintiff's Motion to Review Magistrate Judge's Order," which was submitted without oral argument on a previous date. Having reviewed the record, the memoranda of the parties and the applicable law, the Court DENIES plaintiff's motion.

### Background

Plaintiff originally filed this matter in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, alleging injuries as a result of the intentional and/or negligent behavior of defendant Richard Green in July 1993. (Exh. B., R.Doc. 2.) Plaintiff alleged that defendant Abbott Laboratories, Green's employer, is also liable for damages. *Id.*

Following removal to this Court, plaintiff moved to amend her complaint. (R.Doc. 10.) Defendants opposed this motion on the basis that the proposed amendment sought punitive and compensatory damages pursuant to 42 U.S.C. § 13981, enacted in 1994, which defendants argued could not be applied retroactively to the date of the alleged wrongdoing. (R.Doc. 11.)[1]

The Magistrate Judge granted plaintiff's motion insofar as the amended complaint sought to add factual allegations related to plaintiff's original lawsuit. (R.Doc. 16.) However, the Magistrate Judge refused to allow the amended complaint insofar as it alleged a cause of action under 42 U.S.C. § 13981, finding that the proposed amendment contained a non-retroactive statutory claim. *Id.* The Magistrate Judge also denied the claim for a jury demand on the basis that "no new issues are added." *Id.*

Plaintiff filed the instant motion seeking review of the Magistrate Judge's ruling, which is opposed by defendant. Plaintiff offers no arguments in favor of her motion other than the memoranda filed before the Magistrate Judge.[2] Plaintiff contends that she should be allowed to amend her complaint freely under Fed.R.Civ.P. 15(a) and that her cause of action under 42 U.S.C. § 13981 is remedial and thus retroactive. Defendants, in turn, have filed an opposition memorandum that effectively is the same as their opposition memorandum filed before the Magistrate Judge, which contends that the statute at issue should not be applied retroactively.

### Law and Application

Pretrial matters decided by a magistrate judge should only be set aside or modified if clearly erroneous or contrary to law. Fed. R.Civ.P. 72(a). *See also* 28 U.S.C. § 636(b)(1)(A). The present issue does not

---

1. Entitled "Civil Rights," 42 U.S.C. § 13981 provides for a cause of action against a person "who commits a crime of violence motivated by gender and thus deprives another of the right" to be free from such crimes. 42 U.S.C. § 13981(b) and (c). Such a person may be held liable for compensatory and punitive damages and may be subject to injunctive and declaratory relief. 42 U.S.C. § 13981.

2. This consists of plaintiff's original memorandum in support (R.Doc. 10) and a reply memorandum to defendants' opposition. (R.Doc. 15.)

involve factual findings but an interpretation of law. Thus, the Court will only set aside or modify the Magistrate Judge's ruling if it is contrary to law.

*Landgraf v. USI Film Products,* —— U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) sets forth the applicable guidelines to determine whether a claim under a statute enacted after events occur can be applied retroactively to cover those events.

*Landgraf* specifically involved whether certain provisions of the Civil Rights Act of 1991 (hereinafter "1991 Act") which created a right to recover compensatory and punitive damages for certain violations of Title VII of the Civil Rights Act of 1964 applied to a Title VII case pending on appeal when the statute was enacted. *Id.* at ——, 114 S.Ct. at 1488. The Supreme Court held that the provisions did not apply. *Id.* at ——, 114 S.Ct. at 1488.

In doing so, the Supreme Court first examined "whether the statutory text on which petitioner relies manifests an intent that the 1991 Act should be applied to cases that arose and went to trial before its enactment." *Id.* at ——, 114 S.Ct. at 1492. The Supreme Court found that the language of the statute that it would take effect on a certain date "does not even arguably suggest that it has any application to conduct that occurred on an earlier date." *Id.* at ——, 114 S.Ct. at 1493. Further, the Supreme Court found that neither the language in certain sections of the 1991 Act nor the legislative history supported the petitioner's argument of retroactivity. *Id.* at ——, 114 S.Ct. at 1493–96. Indeed, the Supreme Court found that the "history of the 1991 Act conveys the impression that the legislators agreed to disagree about whether and to what extent the Act would apply to preenactment conduct." *Id.* at ——, 114 S.Ct. at 1496.

In the present case, the statutory text does not speak to the effective date of § 13981. Nor does the brief legislative history speak to the effective date of this section. *See* 1994 U.S.C.C.A.N. 1801, 1853–54. Thus, as the Supreme Court did in *Landgraf,* the Court must look further to determine whether § 13981 can be applied retroactively to causes of action that arose before its enact-

ment. The *Landgraf* Court provided the framework for such a determination.

When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules. When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, *i.e.,* whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. If the statute would operate retroactively, our traditional presumption teaches that it does not operate absent clear congressional intent favoring such a result.

*Id.* at ——, 114 S.Ct. at 1505.

Justice Stevens, writing for the Supreme Court, found that the retroactive application of a claim for punitive damages under the 1991 Act would raise serious constitutional concerns. *Id.* at ——, 114 S.Ct. at 1505. Even before reaching this constitutional question, however, "we would have to be confronted with a statute that explicitly authorized punitive damages for preenactment conduct." *Id.* at ——, 114 S.Ct. at 1506. However, Justice Stevens found that the "Civil Rights Act of 1991 contain[ed] no such explicit command." *Id.* at ——, 114 S.Ct. at 1506.

Similarly, § 13981 contains no such explicit command. Thus, for the same reasons set forth by the Supreme Court in *Landgraf,* the Court finds that a punitive damages claim under § 13981 can not be applied retroactively.

In *Landgraf* the Supreme Court found that classification of the compensatory damages claim was not as simple as the classification of the punitive damages claim because "[c]oncerns about a lack of fair notice are . . . muted by the fact that such discrimination was in many cases (although not this one) already subject to back monetary liability in the form of backpay." *Id.* at ——, 114 S.Ct. at 1506. The Court held that, in effect, the

provision at issue only provided "more complete redress for violations of rules established more than a generation ago in the Civil Rights Act of 1964." *Id.* at ——, 114 S.Ct. at 1506.

However, the Court also found that compensatory damages, while intended to make victims whole rather than "sanction wrongdoers," accomplished their goal "by a mechanism that affects the liabilities of defendants." *Id.* at ——, 114 S.Ct. at 1506. As a result, employers must pay for harms caused. *Id.* at ——, 114 S.Ct. at 1506. "The introduction of a right to compensatory damages is also the type of legal change that would have an impact on private parties' planning." *Id.* at ——, 114 S.Ct. at 1506. "[A]n important new legal burden [would] attach to that conduct." *Id.* at ——, 114 S.Ct. at 1506. The Court concluded that the remedy for compensatory damages did not apply to "events antedating its enactment in the absence of clear congressional intent." *Id.* at ——, 114 S.Ct. at 1506. Thus, in accord with the presumption against retroactivity, the Court held that the provision at issue could not operate retroactively because there was no such clear congressional intent. *Id.* at —— – ——, 114 S.Ct. at 1507–08.

■ In the present case, the Court notes first that, unlike *Landgraf,* § 13981 was not enacted to provide more complete redress under any prior statute but to establish a civil rights remedy "for crimes of violence motivated by gender committed on the street or in the home." 1994 U.S.C.C.A.N. at 1853. Congress found that "a Federal Civil Rights action as specified in this section is necessary to guarantee equal protection of the laws and to reduce the substantial adverse effects on interstate commerce caused by crimes of violence motivated by gender." *Id.*

Additionally, and similar to the determination in *Landgraf,* the Court finds that the introduction of this new cause of action allowing for compensatory damages has an "impact on private parties' planning" and constitutes an "important new legal burden." *Landgraf,* —— U.S. at ——, 114 S.Ct. at 1506. Finally, the Court finds no clear congressional intent that § 13981 apply to events occurring before its enactment.

Therefore, in accord with the presumption against retroactivity of statutes absent such specific congressional intent, the Court finds that § 13981 cannot be applied retroactively to the instant events which allegedly occurred in July 1993.

Plaintiff argues that § 13981 should be applied retroactively because it is "remedial in nature." However, under the test set forth in *Landgraf,* plaintiff's argument fails for the reasons explained above. The contention also fails because the Supreme Court, in ruling on the provisions at issue in *Landgraf,* distinguished these provisions from those in the Civil Rights Act of 1991 that Congress specifically designed to overturn prior Supreme Court holdings as to other issues. *Landgraf,* —— U.S. at —— – ——, 114 S.Ct. at 1489–90.

Plaintiff relies on *Lussier v. Dugger,* 904 F.2d 661 (11th Cir.1990), for his position that the § 13981 is "remedial" legislation and retroactive. However, as the Eleventh Circuit used "remedial," it referred to legislation passed specifically to overturn Supreme Court precedent. *Id.* at 664–66. As shown, § 13981 is a new statute not designed to overturn any Supreme Court case.[3]

Having found that § 13981 is not retroactive, the Court also finds that the Magistrate Judge correctly denied plaintiff's attempt to add a cause of action under this statute

---

**3.** Other cases cited by plaintiff are also inapposite. *Baynes v. AT & T Technologies, Inc.,* 976 F.2d 1370, 1375 (11th Cir.1992) actually holds that certain provisions of the Civil Rights Act of 1991 are not retroactive. Besides being vacated for mootness on the issue of retroactivity, *United States v. Peppertree Apartments* relied on the proposition that the statute at issue was remedial because it affected the amount of damages, *i.e.,* remedy, only. *United States v. Peppertree Apartments,* 942 F.2d 1555, 1560 (11th Cir.1991), *va-* cated sub. nom. *Bailes v. United States,* 503 U.S. 1001, 112 S.Ct. 1755, 118 L.Ed.2d 419 (1992). Here, there is a new cause of action. Finally, in *FDIC v. Belli,* 981 F.2d 838, 842 (5th Cir.1993), the court of appeals' discussion of retroactivity is not only *dicta* but also relates only to the retroactivity of changes in statutes of limitations, which are procedural rather than substantive and apply to pending cases. *Belli* is of no assistance to plaintiff because the present case does not involve any issue of statute of limitations.

because such an addition would be futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (absent any apparent reason, such as "futility of amendment," leave to amend under Rule 15(a) should be freely granted); *Pan Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir.1980) (if amended complaint is subject to dismissal, leave to amend need not be granted).

Finally, as to plaintiff's request for a jury trial, plaintiff has conceded before the Magistrate Judge (R.Doc. 15) and this Court [4] that she is not entitled to a jury trial unless she succeeds on her attempt to add a cause of action under § 13981. Because that attempt has been unsuccessful, the Magistrate Judge correctly denied plaintiff's attempt to seek a trial by jury.

Accordingly,

IT IS ORDERED that "Plaintiff's Motion to Review Magistrate Judge's Order" is DENIED.

---

4. As noted, plaintiff attaches her reply memorandum (R.Doc. 15) to her present motion in support of her argument.