# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2394

_____

Betty Ann Gross, formerly known as    *
Betty Ann Owen,    *
   *
       Appellant,    *
   *
     v.    *    Appeal from the United States
   *    District Court for the District
Robert R. Weber; Sisseton School    *    of South Dakota.
District No. 54-9, of Roberts County,    *
South Dakota, a public corporation,    *
   *
       Appellees.    *

_____

Submitted: March 10, 1999

Filed: August 10, 1999

_____

Before BEAM and HEANEY, Circuit Judges, and GOLDBERG,[1] Judge of the United
     States Court of International Trade.

_____

BEAM, Circuit Judge.

_____

     [1]The Honorable Richard W. Goldberg, Judge of the United States Court of
International Trade, sitting by designation.

Betty Ann Gross (Gross) appeals the district court's [2] dismissal of the Sisseton School District (the School District) as a party in her action under Title IX, 20 U.S.C. § 1681, and the Violence Against Women Act (VAWA), 42 U.S.C. § 13981. The district court found that Gross failed to state a claim based on events completed prior to the passage of the laws, because neither law applies retroactively. Gross argues that Title IX and the VAWA should apply retroactively, or in the alternative that her Title IX claim is nevertheless viable because she "realized the existence of a cause of action for the first time" in 1994–over twenty years after Title IX's enactment. We affirm.

## I. BACKGROUND

This case comes before us on appeal from the district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. On a motion to dismiss, we review the district court's decision de novo, accepting all the factual allegations of the complaint as true and construing them in the light most favorable to Gross. See Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998).

Gross's complaint and proposed amended complaint recite the following facts: Gross was subjected to sexual abuse at the hands of her school teacher, Robert R. Weber (Weber), from approximately 1964 until 1966. She left the school in 1966. In 1972, Congress passed Title IX, prohibiting discrimination in education on the basis of sex. "On July 8, 1994, [Gross] realized the existence of a cause of action for the first time," while reading a newspaper article. Id. at 4. Two months later, the VAWA was enacted to provide a cause of action for crimes of violence motivated by gender.[3]

---

[2]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

[3]The VAWA provides that:

A person (including a person who acts under color of any statute,

Gross filed a lawsuit against Weber and the School District on June 27, 1997, claiming, among other things, violation of Title IX. The School District filed a motion to dismiss, arguing that Title IX cannot be applied retroactively. In the face of the motion to dismiss, Gross sought to amend her complaint to add a cause of action under the VAWA. The district court dismissed, concluding that neither Title IX nor the VAWA apply retroactively.

## II.    DISCUSSION

Gross concedes that her VAWA claim can only be successful if the law is applied retroactively. On the other hand, she argues that her Title IX claim is viable either because of retroactive application of the statute or as a result of her recent realization. We consider first the question of retroactive application.

There is a "'traditional presumption against applying statutes affecting substantive rights, liabilities, or duties to conduct arising before their enactment,' absent an express statutory command to the contrary." Viacom Inc. v. Ingram Enters., Inc., 141 F.3d 886, 888 (8th Cir. 1998) (quoting Landgraf v. USI Film Prods., 511 U.S. 244, 278 (1994)). However, in order for the presumption against retroactivity to apply, the claim must require a "truly 'retrospective' application of a statute." Landgraf, 511 U.S. at 279. For this, we ask whether the statute "'attaches new legal consequences to

_____

ordinance, regulation, custom, or usage of any State) who commits a crime of violence motivated by gender and thus deprives another of the right declared in subsection (b) of this section shall be liable to the party injured, in an action for the recovery of compensatory and punitive damages, injunctive and declaratory relief, and such other relief as a court may deem appropriate.

42 U.S.C. § 13981(c).

-3-

events completed before its enactment.'"  Martin v. Hadix, 119 S. Ct. 1998, 2006 (1999) (quoting Landgraf, 511 U.S. at 270).  Thus, to be truly retrospective, the statute must "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed."  Landgraf, 511 U.S. at 280.

The VAWA contains no "clear congressional intent" to apply its provisions retroactively.  Maitland v. University of Minn., 43 F.3d 357, 362 (8th Cir. 1994).  However, Gross argues that application of the VAWA to the events of thirty years ago is not truly retrospective since the alleged sexual abuse would have constituted "a felony under state or federal law."  She contends that the statute does not attach new legal consequences to the events and therefore the presumption against retroactivity should not apply.  We disagree.  The VAWA creates a federal cause of action, based on violence *motivated by gender*, as opposed to simply violence, with a broad range of available relief–including punitive damages.   At the very least, retroactive application would "increase a party's liability for past conduct,"  Landgraf, 511 U.S. at 280, placing the VAWA within the ambit of the presumption against retroactivity.  Cf. Doe v. Abbott Lab., 892 F. Supp. 811, 814 (E.D. La. 1995) (concluding the VAWA cannot be applied retroactively since it impacts on "private parties' planning and constitutes an important new legal burden").

There is also no clear expression of congressional intent to apply Title IX retroactively.   Nevertheless, Gross again argues that the presumption against retroactivity should not apply.  She contends that her claim does not require a truly retrospective application of Title IX since a Title IX type of claim and remedy has always been available.  We disagree.  In Gebser v. Lago Vista Indep. Sch. Dist., 118 S. Ct. 1989, 1997 (1998), the Supreme Court found that "[w]hen Title IX was enacted in 1972, the principal civil rights statutes containing an express right of action did not provide for recovery of monetary damages at all, instead allowing only injunctive and

equitable relief."[4] This clearly indicates that Title IX attached "'new legal consequences to events completed before its enactment.'" Maitland, 43 F.3d at 362 (quoting Landgraf, 511 U.S. at 270).

Furthermore, notice and "fairness [are] important in considering retroactivity issues." Viacom, 141 F.3d at 889; see also Landgraf, 511 U.S. at 270 (finding that for retroactivity questions, "familiar considerations of fair notice, reasonable reliance, and settled expectations offer sound guidance"). Concerns of notice and fairness are particularly relevant for Title IX, which was enacted pursuant to the Spending Clause. See Davis v. Monroe County Bd. of Educ., 119 S. Ct. 1661, 1669 (1999). Title IX is set in a contractual framework whereby educational institutions agree to the condition not to discriminate on the basis of sex in return for federal funding. See Gebser, 118 S. Ct. at 1997. As noted, Title IX provides no notice that educational institutions will be subject to liability for prior events. It would be unfair to impose a greater duty than that which the educational institutions agreed to assume. Cf. Martin, 119 S. Ct. at 2007 (finding that retroactive application would "upset the reasonable expectations of the parties").

Gross argues in the alternative that retroactive application of Title IX is not necessary in her case because she did not realize "that she had been damaged" until July 8, 1994.[5] Appellant's Brief at 18. Aside from the fact that this is not what the

---

[4]This is the relevant comparison–as to whether the statute attaches new legal consequences to the facts–not whether the facts would have given rise to some possible cause of action based on some possible theory.

[5]Gross relies on the following provision of state law:

Any civil action based on intentional conduct brought by any person for recovery of damages for injury suffered as a result of childhood sexual abuse shall be commenced within three years of the act alleged to have caused the injury or condition, or three years of the time the victim

complaint alleges–the complaint alleges she "realized the existence of a cause of action for the first time"–the argument fails.

Gross's argument is legally insufficient because all alleged discrimination was completed well before the statute was passed. Delayed realization of damage or of the existence of a cause of action cannot create a cause of action which did not exist at the time the events occurred and which is clearly not intended to be applied retroactively. She could not have brought this action at the time the events occurred. Gross's interpretation would defeat congressional intent and put statutory interpretation, particularly that of retroactivity, into a tailspin producing bizarre results.

## III. CONCLUSION

For the foregoing reasons, we affirm the decision of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

discovered or reasonably should have discovered that the injury or condition was caused by the act, whichever period expires later.

S.D. Codified Laws § 26-10-25. But see Egerdahl v. Hibbing Community College, 72 F.3d 615, 617-18 (8th Cir. 1995) (finding the applicable statute of limitations for Title IX to be the one used for section 1983 actions).