901 F.2d 642
 60 Ed. Law Rep. 20
 JANE DOE "A", a minor under age of fourteen, By and Through
her Mother and Next Friend, JANE DOE "B"; John Doe "C", a
minor under the age of fourteen, by and through his Mother
and Next Friend, Jane Doe "C"; John Doe "D", a minor under
the age of fourteen, by and through his Mother and Next
Friend, Jane Doe "D"; John Doe "E", a minor under the age
of fourteen, by and through his Mother and Next Friend, Jane
Doe "E"; John Doe "F", a minor under the age of fourteen,
by and through his Mother and Next Friend, Jane Doe "F";
John Doe "H", a minor under the age of fourteen, by and
through his Mother and Next Friend, Jane Doe "H"; John Doe
"I", a minor under the age of fourteen, by and through his
Mother and Next Friend, Jane Doe "I"; John Doe "J", a minor
under the age of fourteen, by and through his Mother and
Next Friend, Jane Doe "J"; John Doe "K", a minor under the
age of fourteen, by and through his Mother and Next Friend,
Jane Doe "K"; John Doe "L", a minor under the age of
fourteen, by and through his Mother and Next Friend, Jane
Doe "L"; John Doe "M", a minor under the age of fourteen,
by and through his Mother and Next Friend, Jane Doe "M";
Jane Doe "B", individually, as Mother of Jane Doe "A"; Jane
Doe "C", and Father "C", individually, as parents of John
Doe "C"; Jane Doe "D", and Father "D", individually, as
parents of John Doe "D"; Jane Doe "E", and Father "E",
individually, as parents of John Doe "E"; Jane Doe "F", and
Father "F", individually, as parents of John Doe "F"; Jane
Doe "G", individually, as Mother of John Doe "G"; Jane Doe
"H", and Father "H", individually, as parents of John Doe
"H"; Jane Doe "I", individually, as Mother of John Doe "I";
Jane Doe "J", and Father "J", individually, as parents of
John Doe "J"; Jane Doe "K", and Father "K", individually,
as parents of John Doe "K"; Jane Doe "L", and Father "L",
individually, as parents of John Doe "L"; and Jane Doe "M",
individually, as Mother of John Doe "M", Appellants,
v.
The SPECIAL SCHOOL DISTRICT OF ST. LOUIS COUNTY; Samuel A.
Scarnato, individually, and as Superintendent of The Special
School District of St. Louis County; Shirley Marchlewski,
individually, and as Head of Transportation, North Garage,
The Special School District of St. Louis County; Susan
Stotler, individually, and as Assistant Superintendent of
The Special School District of St. Louis County; Juanita
Campbell, individually, and as Head of Transportation of The
Special School District of St. Louis County; and Joan Hill,
individually, and as Assistant Head of Transportation of The
Special School District of St. Louis, County, Appellees.
 No. 88-2537.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 14, 1989.
Filed April 17, 1990.
 
 Ross H. Briggs, St. Louis, Mo., for appellants.
 John H. Quinn, St. Louis, Mo., for appellees.
 Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and BROWN,* Senior Circuit Judge.
 WOLLMAN, Circuit Judge.
 
 
 1
 Plaintiffs, eleven handicapped children, appeal the district court's[1] grant of summary judgment in favor of the Special School District of St. Louis County (District), and the five individual defendants: Dr. Samuel Scarnato, Susan Stotler, Shirley Marchlewski, Juanita Campbell, and Joan Hill. We affirm.
 
 I. BACKGROUND
 
 2
 The District provides educational programs for handicapped children. To carry out these programs, the district utilizes some 220 buses to transport the children to the various schools throughout the District. Some of the handicapped children so transported are placed on the buses in their wheelchairs. Others, because of their inability to control their body movements, are placed in physical restraints for their self-protection during the course of the bus trip. Aides ride on certain of the buses to administer to the needs of those children who might be subject to seizures while on the bus.
 
 
 3
 David Cerny was a bus driver for the District during the 1983-1984 and 1984-1985 school years. On February 8, 1985, Cerny was arrested for sexual abuse. He later pleaded guilty to charges of child abuse involving five children.
 
 
 4
 Plaintiffs brought this action pursuant to 42 U.S.C. Sec. 1983, alleging that defendants had deprived them of their right to substantive due process in that Cerny's acts of physical and sexual abuse had deprived them of their liberty interest in personal privacy and bodily security.
 
 
 5
 The district court granted summary judgment in favor of all defendants, concluding that a rational trier of fact could not find that the individual defendants had notice of, displayed deliberate indifference to, or tacitly authorized the alleged unconstitutional misconduct, or that the District had a policy or custom of ignoring complaints of physical or sexual abuse.[2]
 
 
 6
 The district court's memorandum opinion fairly and accurately sets forth the evidence supporting plaintiffs' allegations, Jane Doe "A", 682 F.Supp. 451, 454-55 (E.D.Mo.1988), and we will only summarize that evidence here.
 
 
 7
 Defendant Dr. Scarnato, the District's superintendent, received a single complaint from a parent that on one occasion Cerny had cursed at her and called her names in front of the children on the bus. Dr. Scarnato may also have received information from a District employee that Cerny had kissed a child on the bus.
 
 
 8
 Defendant Campbell, director of transportation, was told by defendant Marchlewski that Cerny had kissed a boy and was also told by Ms. Marchlewski or defendant Hill that Cerny used foul language on the bus.
 
 
 9
 Defendant Marchlewski, supervisor of the north bus garage, and defendant Hill, supervisor of bus aides at the north garage, received complaints that Cerny used profanity on the bus, had kissed a boy on the bus, and had pushed one of the plaintiffs down the bus steps and pulled his hair. Ms. Marchlewski also received complaints that Cerny had failed to follow a child's behavior modification program and that he had failed to hand out a bus pass; she also received a complaint that Cerny had kissed and kicked a child and had given him a "snuggle."[3] Ms. Hill received a complaint that a child had not been picked up at his bus stop and that Cerny had physically restrained one of the plaintiffs in order to break up a fight.
 
 
 10
 Defendant Stotler, area coordinator for the District, received many of the same complaints received by the other individual defendants. In addition, in October of 1984 she allegedly received a complaint from a parent that Cerny had put his hand down a boy's pants and pulled down a boy's pants and spanked him. Shortly before Cerny's arrest in February of 1985, one of the plaintiffs told Ms. Stotler that Cerny had been touching boys' crotches.
 
 
 11
 The district court concluded that the isolated incidents reported to Dr. Scarnato and Ms. Campbell could not lead to a finding by a rational trier of fact that these two defendants had notice of a pattern of unconstitutional acts and were thereafter deliberately indifferent to or tacitly authorized the alleged physical and sexual abuse of plaintiffs.
 
 
 12
 With respect to the complaints received by Ms. Marchlewski and Ms. Hill, the district court concluded that although some of the reported incidents might have risen to the level of common law torts, they did not constitute constitutional violations. Accordingly, the district court concluded that the complaints received by Ms. Marchlewski and Ms. Hill did not constitute notice of a pattern of unconstitutional actions and that any failure on the part of Ms. Marchlewski and Ms. Hill to act upon those complaints did not amount to deliberate indifference to or tacit authorization of the alleged physical and sexual abuse of the plaintiffs.
 
 
 13
 The district court held that the complaints received by Ms. Stotler in October of 1984 and shortly before Cerny's arrest in February of 1985 were insufficient to establish notice of a pattern of unconstitutional conduct necessary to support a finding of liability under section 1983. The district court held that although Ms. Stotler may have been negligent in her lack of response to the October 1984 complaint, that negligence would not result in liability under the fourteenth amendment. The district court observed that the report received by Ms. Stotler in 1985 came shortly before Cerny's arrest and thus could not be viewed as supporting a finding that Ms. Stotler was deliberately indifferent to Cerny's alleged violations of plaintiffs' constitutional rights.
 
 
 14
 The district court summarized its review of the evidence against the individual defendants by concluding that "a rational trier of fact could not find that the individual * * * defendants had notice of a pattern of unconstitutional acts and displayed deliberate indifference to or tacitly authorized the alleged unconstitutional conduct." Jane Doe "A", 682 F.Supp. at 455.
 
 
 15
 With respect to the evidence regarding the District's liability, the district court noted that there was, of course, no evidence of an official policy formulated by the District that authorized or condoned physical or sexual abuse of handicapped children. Likewise, the district court found that there was no evidence that Dr. Scarnato deliberately chose to follow a course of action of ignoring complaints regarding physical or sexual abuse of handicapped children. The district court found that because the individual defendants did not have notice of a pattern of unconstitutional acts and did not display deliberate indifference to or tacitly authorize the violation of plaintiffs' constitutional rights, no custom of deliberate indifference to or tacit authorization of the alleged unconstitutional conduct could be attributed to the District.
 
 II. DISCUSSION
 
 16
 Summary judgment is appropriate "only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds." Holloway v. Lockhart, 813 F.2d 874, 878 (8th Cir.1987). The district court is required to view the evidence in the light most favorable to the nonmoving party and to give that party the benefit of all reasonable inferences to be drawn from the underlying facts. Id.; Fed.R.Civ.P. 56.
 
 
 17
 Plaintiffs contend that a genuine issue of material fact exists with respect to whether the individual defendants failed to adequately respond to a known risk of physical and emotional harm presented by Cerny to plaintiffs.
 
 
 18
 The individual defendants are subject to personal liability only if it can be proved that they:
 
 
 19
 1) Received notice of a pattern of unconstitutional acts committed by subordinates;
 
 
 20
 2) Demonstrated deliberate indifference to or tacit authorization of the offensive acts;
 
 
 21
 3) Failed to take sufficient remedial action; and
 
 
 22
 4) That such failure proximately caused injury to the children.
 
 
 23
 See Wilson v. City of North Little Rock, 801 F.2d 316, 322 (8th Cir.1986).
 
 
 24
 Plaintiffs contend that a genuine issue of material fact exists as to whether the District had a policy or custom of failing to adequately receive, investigate, and act upon prior complaints of Cerny's misconduct, a finding of which would be a prerequisite to the imposition of liability against the District. See Monell v. Dep't of Social Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978).
 
 
 25
 Official policy involves "a deliberate choice to follow a course of action * * * made from among various alternatives" by an official who has the final authority to establish governmental policy. Pembaur v. City of Cincinnati, 475 U.S. 469, 483, 106 S.Ct. 1292, 1300, 89 L.Ed.2d 452 (1986). State law identifies which officials make policy. Id.; City of St. Louis v. Praprotnik, 485 U.S. 112, 123, 108 S.Ct. 915, 923, 99 L.Ed.2d 107 (1988). The district court found that under Missouri law the board of education of a special school district is the official policy maker, charged as it is with the responsibility of providing educational programs and transportation for handicapped children. Mo.Rev.Stat. Secs. 162.855, 162.900.
 
 
 26
 For the District to be held liable on the basis of custom, there must have been a pattern of "persistent and widespread" unconstitutional practices which became so "permanent and well settled" as to have the effect and force of law. See Monell, 436 U.S. at 691, 98 S.Ct. at 2036. We have held that to establish the existence of a governmental custom or failure to receive, investigate, or act on complaints of violations of constitutional rights, a plaintiff must prove:
 
 
 27
 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
 
 
 28
 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
 
 
 29
 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.
 
 
 30
 See Harris v. City of Pagedale, 821 F.2d 499, 504-07 (8th Cir.), cert. denied, 484 U.S. 986, 108 S.Ct. 504, 98 L.Ed.2d 502 (1987).
 
 
 31
 As to the individual defendants, we agree that the evidence, viewed in the light most favorable to plaintiffs, would not support a finding that the individual defendants had notice of a pattern of unconstitutional acts by Cerny or that they were deliberately indifferent to or tacitly authorized Cerny's alleged physical and sexual abuse of plaintiffs. Likewise, we agree with the district court that defendant Stotler at most was guilty of negligence in failing to respond to the October 1984 complaint regarding Cerny's alleged misconduct. As the district court noted, such negligence does not implicate fourteenth amendment protections. See Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Davidson v. Cannon, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).[4]
 
 
 32
 With respect to the District's liability, we agree with the district court that the evidence would not support a finding of the existence of a pattern of persistent and widespread unconstitutional practices that had become so permanent and well-settled as to have the force and effect of law. Because the individual defendants did not have notice of a pattern of unconstitutional acts and did not display deliberate indifference to or tacitly authorize the violation of the plaintiffs' constitutional rights, the district court was correct in holding that no custom of deliberate indifference to or tacit authorization of the alleged unconstitutional conduct could be attributed to the district. We agree with the district court that there was no evidence that Dr. Scarnato deliberately chose to follow a course of action of ignoring complaints regarding physical or sexual abuse of handicapped children.
 
 
 33
 Likewise, we conclude that the evidence does not establish the existence of a genuine issue of material fact on the question whether the District was guilty of deliberate indifference to the rights of the handicapped children in the District's training program for bus drivers, teachers, supervisors, and bus aides. Thus, the district court could not be held liable on this account. City of Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).
 
 
 34
 To hold that the individual defendants and the District are not liable to plaintiffs is not to minimize Cerny's misconduct. That subsequent events proved him to be a sexual reprobate, however, should not result in after-the-fact imposition of the requirement of character-discerning omniscience on the part of the individual defendants or the District. Viewed in retrospect, some of Cerny's pre-arrest conduct portrays his true nature with a clarity that pre-arrest circumstances at the most only hinted at. If negligence could form the basis for a finding of liability, plaintiffs' showing might have been adequate to take the case to a jury. Measured against the deliberate indifference-official policy standard of liability, however, plaintiffs have failed to establish a submissible case. Accordingly, the district court did not err in granting summary judgment in favor of all defendants.
 
 
 35
 Plaintiffs contend that the district court abused its discretion in imposing a portion of the costs of litigation on plaintiffs' next friends. Costs in the amount of $15,148.26 were imposed by the district court on plaintiffs to reimburse the District and the individual defendants for deposition and copying costs. Although plaintiffs were allowed seven days to file a motion for reconsideration with respect to the indigent status of their next friends, they failed to do so. Accordingly, we conclude that the district court's order awarding costs did not constitute an abuse of discretion. See Poe v. John Deere Co., 695 F.2d 1103, 1108 (8th Cir.1982), and Mo.Rev.Stat. Sec. 507.180.[5]
 
 
 36
 The district court's judgment is affirmed.
 
 
 
 *
 The HONORABLE JOHN R. BROWN, United States Senior Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 [1]
 The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri
 
 
 [2]
 Jane Doe "A" v. Special Sch. Dist. of St. Louis, Co., 682 F.Supp. 451 (E.D.Mo.1988). The earlier procedural history of this case is set forth in Jane Doe "A" v. Special Sch. Dist. of St. Louis Co., 637 F.Supp. 1138 (E.D.Mo.1986)
 
 
 [3]
 This child is no longer a party to this action, having voluntarily dismissed his complaint against defendants
 
 
 [4]
 Plaintiffs point to evidence that certain of the individual defendants had been made aware that in May or June of 1983 Cerny had made a homosexual proposition towards a deliveryman in the restroom on school premises; that in 1978 or 1979 he had made an inappropriate physical gesture towards a female employee of the District at a nightclub; and that at a 1979 Christmas party he had made a lewd gesture with his lips towards a female employee of the District. Whatever this evidence says with regard to Cerny's sexual relationships with adults, we do not believe that it constitutes the type of notice that could be held to impose section 1983 liability upon the individual defendants or the District
 
 
 [5]
 We have considered plaintiffs' contention that the district court erred in refusing to allow them to file a certain affidavit in support of their motion for reconsideration of the order granting summary judgment. The information contained in the affidavit was available prior to the entry of summary judgment, however, but was not submitted during the six months that the District's motion for summary judgment was pending. Accordingly, the district court properly denied the motion. See Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir.), cert. denied, --- U.S. ----, 109 S.Ct. 63, 102 L.Ed.2d 40 (1988) (citing Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251, as amended, 835 F.2d 710 (7th Cir.1987))