# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 99-1698

_____

Jane Doe, 1; Jane Doe, 2; Jane Doe, 3; Jane Doe, 4; Jane Doe, 5; John Doe, 1,

        Appellees,

v.

Dr. Benny L. Gooden, Individually, and a Superintendent of Fort Smith School District; Patricia J. Jackson, Individually and as Former Superintendent of Ft. Smith School District,

        Appellants.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States District Court for the Western District of Arkansas.

_____

Submitted: December 14, 1999
Filed: June 2, 2000

_____

Before RICHARD S. ARNOLD and HANSEN, Circuit Judges, and MELLOY,[1] District Judge.

_____

HANSEN, Circuit Judge.

---

[1] The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa, sitting by designation.

Dr. Benny Gooden and Dr. Patricia Jackson appeal the district court's order denying their motion for summary judgment in this 42 U.S.C. § 1983 action brought by six minor students (the plaintiffs) of the Fort Smith School District. Gooden and Jackson argue they are entitled to qualified immunity because they lacked actual knowledge of and were not deliberately indifferent to any abuse that rose to the level of a constitutional violation committed by school teacher Claudie Lovell. The district court concluded reasonable jurors could find on the evidence that Gooden and Jackson had notice of and were deliberately indifferent to Lovell's conduct and, therefore, denied Gooden and Jackson's motion for summary judgment. We reverse and remand.

I.

Gooden, the Superintendent of the Fort Smith School District, and Jackson, the former Assistant Superintendent, were two of the named defendants in a complaint filed by six minor students alleging that their teacher, Lovell, subjected them to verbal, physical, and sexual abuse. The allegations of abuse are extensive.[2] Lovell was an elementary school teacher in the Fort Smith School District for over twenty-two years until his verbal suspension on Monday, January 15, 1996, following the receipt of written complaints from a group of parents on Friday, January 12, 1996. On January 17, 1996, Gooden sent Lovell a written letter of suspension.

The plaintiffs filed a complaint against the school district and various school district employees and board members. The plaintiffs asserted several causes of action arising out of the alleged abuse, including a 42 U.S.C. § 1983 claim, violation of the Arkansas child abuse reporting statute (Ark. Code Ann. § 12-12-507 (Michie Supp. 1995)), the tort of outrage, and negligent supervision and retention. Only the § 1983 claim is before us. Every defendant, except Lovell, filed a motion for partial summary

---

[2]The specific abuse allegations will be addressed as relevant in the analysis section of this opinion.

2

judgment as to the § 1983 claim. The district court granted the motion for partial summary judgment for all the movants, except Gooden and Jackson. Gooden and Jackson appeal the denial of their motion for partial summary judgment as to the § 1983 claim.

## II.

A district court's order denying a defendant's motion for summary judgment is an immediately appealable order where the defendant has asserted qualified immunity and the issue concerns an abstract issue of law relating to qualified immunity. See Behrens v. Pelletier, 516 U.S. 299, 313 (1996). Qualified immunity shields state officials from civil liability when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "Only those issues that concern what the official knew at the time the alleged deprivation occurred are properly reviewed in this type of interlocutory appeal." Miller v. Schoenen, 75 F.3d 1305, 1308 (8th Cir. 1996). Review of these issues "is necessary in order to determine whether a reasonable state actor would have known that his actions, in light of those facts, would violate the law." Id.

School district officials can be liable under § 1983 if they are deliberately indifferent to acts committed by a teacher that violate a student's constitutional rights. See Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 290-91 (1998) (a Title IX case drawing an analogy to the deliberate indifference standard of § 1983). The plaintiffs must show that the district officials received notice of a pattern of unconstitutional acts, demonstrated deliberate indifference to the acts, failed to take sufficient remedial action, and that such failure proximately caused the injury to the students. See Jane Doe A v. Special Sch. Dist. of St. Louis County, 901 F.2d 642, 645 (1990). We note initially that the failure of the movants to report the suspected abuse, as required by the Arkansas state statute, does not amount to "unconstitutional

3

misconduct" as stated in the district court's order on the motion for partial summary judgment. (Appellant's Adden. at A-33). Violations of state law do not state a claim under 42 U.S.C. § 1983. See Ebmeier v. Stump, 70 F.3d 1012, 1013 (8th Cir. 1995). "Section 1983 guards and vindicates federal rights alone." Id.

We have jurisdiction to review whether Gooden and Jackson received notice of a pattern of unconstitutional acts because "[t]he question of what was known to a person who might be shielded by qualified immunity is reviewable." Miller, 75 F.3d at 1309. We review the denial of a motion for summary judgment de novo and view the evidence in the light most favorable to the nonmoving party. See Mueller v. Tinkham, 162 F.3d 999, 1002 (8th Cir. 1998). Summary judgment is only appropriate when there is "'no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" Coplin v. Fairfield Pub. Access Television Comm., 111 F.3d 1395, 1401 (8th Cir. 1997) (quoting Fed. R. Civ. P. 56(c)).

On appeal, Gooden and Jackson divide the abuse allegations into those which they assert constitute constitutional violations and those which do not. They suggest that the verbal abuse and physical abuse, while possibly giving rise to common law torts, do not amount to a constitutional violation. They contend that only the alleged sexual abuse violated the student's clearly established constitutional rights. The crux of this appeal, they argue, is that they had no knowledge of any sexual abuse of students by Lovell prior to Lovell's verbal suspension and removal from the classroom on January 15, 1996. Absent knowledge of a constitutional violation, Gooden and Jackson could not have been deliberately indifferent to Lovell's alleged unconstitutional acts.

We agree with Gooden and Jackson that they cannot be subjected to § 1983 liability as a result of Lovell's alleged verbal abuse of students. Lovell is accused of yelling and screaming at students, using foul language, telling students that their handwriting "sucks," telling students that "if you had one eye and half a brain, you

4

could do this,"calling students "stupid," and referring to students as "bimbos," "fatso," and the "welfare bunch." Viewing the evidence in the light most favorable to the plaintiffs, Lovell clearly used inappropriate language in his elementary classroom, and while we are appalled at his demeaning and belittling references to his students, his use of patently offensive language did not violate his students' constitutional rights. Verbal abuse is normally not a constitutional violation. See Martin v. Sargent, 780 F.2d 1334, 1339 (8th Cir. 1985).

Physical abuse, on the other hand, may rise to the level of a constitutional violation. See Webb v. McCullough, 828 F.2d 1151, 1158-59 (6th Cir. 1987) (citing Hall v. Tawney, 621 F.2d 607 (4th Cir. 1980)). In making that determination, the court considers whether the abuse is "literally shocking to the conscience." Id. at 1159. Assuming the alleged physical abuse committed by Lovell shocks the conscience of the court, there must be a showing that Gooden and Jackson had notice of a pattern of unconstitutional acts in order to support a finding of liability under § 1983. See Jane Doe A, 901 F.2d at 645. Mere negligence in failing to respond does not implicate the Fourteenth Amendment. Id. at 646.

Viewing the facts in the light most favorable to the plaintiffs, we will address the specific physical abuse allegations of which Gooden and Jackson had notice. In March 1994, Jackson received a copy of Lovell's evaluation by his principal. The evaluation stated that Lovell had grabbed a student around the neck in order to bring the student to the school office. In May 1994, the Director of Pupil Services sent a letter to Gooden, copied to Jackson, stating that Lovell had kicked a desk across the classroom while a student was sitting in the desk, threw a clenched fist toward a student's face but did not hit the student, and grabbed a student by the shoulders and turned the student around in the student's desk. In February 1995, Jackson received a copy of a letter sent to Lovell by his principal stating that it was reported that Lovell had thrown a book at a student on two different occasions. In May 1995, Jackson was informed by the principal that a parent complained that Lovell had grabbed a student and pushed the

5

student against the wall of the building. The principal stated in her deposition that she investigated the incident but did not find anyone who had seen it happen and that the student's parents told her that the student had no marks or bruises from the incident. (See App. at 33). In December 1995, Jackson was informed by the principal that Lovell had grabbed a student. While the plaintiffs assert many additional physical abuse allegations, based upon a review of the record, the ones we have noted appear to be the physical abuse allegations of which Gooden and/or Jackson, specifically, were notified prior to the letter of complaints Gooden received on January 12, 1996.

We conclude that neither Gooden nor Jackson had notice of a pattern of unconstitutional acts committed by Lovell. In so concluding, we are not minimizing the seriousness of Lovell's alleged behavior. Clearly, Lovell's alleged conduct was improper and, in an incident or two, may have risen to the level of a constitutional violation. However, the isolated instances of which Gooden and Jackson had notice were not sufficient to constitute notice of a pattern of unconstitutional acts. See Jane Doe A, 901 F.2d at 646.

With regard to the allegations of sexual abuse, nowhere do the plaintiffs claim that Gooden and Jackson had actual notice of any sexual abuse by Lovell prior to his verbal suspension and removal from the classroom on January 15, 1996. Rather, the plaintiffs allege that Gooden and Jackson should have known that Lovell "constituted a potential danger" (see Appellees' Br. at 43) based on various sexual remarks and sexually harassing behavior Lovell exhibited toward his female teacher-colleagues, as well as Lovell's reference to female students as "bimbos." None of the adults who were allegedly sexually harassed by Lovell are parties to this lawsuit. We do not believe that the notice Gooden and Jackson may have had regarding Lovell's behavior towards his female colleagues is the type of notice that is required to impose § 1983 liability on Gooden and Jackson for Lovell's alleged sexual abuse of students. See Jane Doe A, 901 F.2d at 646 n.4. There is no question that students have a constitutional right to be free from sexual abuse and sexual molestation under the Fourteenth Amendment.

6

See Kinman v. Omaha Pub. Sch. Dist., 171 F.3d 607, 611 (8th Cir. 1999). In this case, however, Gooden and Jackson lacked sufficient notice of Lovell's alleged unconstitutional sexual behavior toward his students to be held liable under § 1983.

## III.

Accordingly, we reverse and remand with instructions to the district court to grant Gooden and Jackson's motion for partial summary judgment as to the 42 U.S.C. § 1983 claim.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.