# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3534

_____

| | | |
|---|---|---|
| Keith Box, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Bill Ferrell, Sheriff - Scott County; | * | Eastern District of Missouri. |
| Larry Turley, Sheriff - Mississippi | * | |
| County; Karen Turley, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted:  March 7, 2002
Filed:  March 13, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Keith Box appeals the District Court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action, in which he claimed Fourth and Fourteenth Amendment and state-law violations arising from events following his warrantless arrest on February 6, 1995.  Having conducted de novo review, see

_____

[1]The Honorable Lewis M. Blanton, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Griffin v. Super Valu, 218 F.3d 869, 871 (8th Cir. 2000) (standard of review), we affirm.

Like the District Court, we conclude Box failed to produce evidence from which a factfinder could infer that defendants conspired to falsify court documents and records, see Wilson v. Int'l Bus. Machs. Corp., 62 F.3d 237, 241 (8th Cir. 1995) (requiring nonmoving party to substantiate his allegations with sufficient probative evidence); Marti v. City of Maplewood, Mo., 57 F.3d 680, 685 (8th Cir. 1995) (setting out elements of constitutional conspiracy claim); and that Box's Fourth Amendment claim is foreclosed by his conviction for the charged crimes, see Malady v. Crunk, 902 F.2d 10, 11-12 (8th Cir. 1990).  Contrary to Box's assertions, the record reflects that (1) a prompt probable-cause hearing was held after his arrest, see County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991) (stating that probable-cause determination within forty-eight hours of warrantless arrest generally satisfies Fourth Amendment), (2) there was no violation of the state statutory provisions he cites (and in any event, he cannot base a § 1983 action on a violation of state law per se, see Doe v. Gooden, 214 F.3d 952, 955 (8th Cir. 2000)), and (3) the allegations in his complaint do not state a due process claim, see Smithson v. Aldrich, 235 F.3d 1058, 1064 (8th Cir. 2000) (rejecting attempt to bring Fourth Amendment warrantless arrest claims under Due Process Clause).

As to Box's remaining arguments, the District Court did not abuse its discretion in declining to appoint counsel for him, see Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998), and his allegation that the District Court was biased is not only unsupported but appears to be based solely on the disposition of Box's case, cf. Lefkowitz v. Citi-Equity Group, Inc., 146 F.3d 609, 611-12 (8th Cir. 1998) (affirming denial of recusal motion where movant's only assertion was that court had previously ruled against him), cert. denied, 525 U.S. 1154 (1999).

Accordingly, we affirm.  See 8th Cir. R. 47B.

-2-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.