[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 26, 2010
JOHN LEY
CLERK

No. 09-15176
Non-Argument Calendar

_____

D. C. Docket No. 08-10109-CV-JLK

SULEYMAN UNUVAR,

Plaintiff-Appellant,

versus

CITY OF KEY WEST, FLORIDA,
a municipal corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 26, 2010)

Before EDMONDSON, WILSON and FAY, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Suleyman Unuvar appeals the district court's grant of summary judgment in favor of The City of Key West ("Key West"), rejecting Unuvar's section 1983 claim. No reversible error has been shown; we affirm.

Unuvar's claim is that his constitutional right to equal protection was infringed by Key West. The district court determined that no constitutional deprivation had been shown and that, even had a material issue of fact been raised on that issue, the record supported no sufficient basis for imposing municipal liability under section 1983.

The relevant facts -- as supported by the evidence in the record -- and drawing all reasonable inferences from those facts in the light most favorable to Unuvar, see Young v. City of Palm Bay, Fla., 358 F.3d 859, 860 (11th Cir. 2004), are set out fully in the district court opinion and may be briefly summarized.

Plaintiff operated as a street vendor in Key West performing henna art tattoos and occasionally selling beads. Plaintiff was approached by Code Enforcement Officer James Young on at least three occasions. On two of these occasions, Young appeared intoxicated when he demanded to see Plaintiff's operating license. Plaintiff complains that Young spoke to him in a loud and

threatening manner. On one occasion, Plaintiff inquired why Young was harassing him; and, Plaintiff says, Young acknowledged that Young's conduct was motivated by Plaintiff's religion and nationality. Young never issued Plaintiff a notice of violation or civil citation.

In response to his first encounter with Young, Plaintiff sought the required occupational license. Plaintiff obtained a license for performing body art within Fogarty's Restaurant on 14 March 2005. The license had an expiration date of 30 September 2005. But on 17 March 2005, the licensing department advised Plaintiff that the 14 March 2005 license had been cancelled and a new license issued with an expiration date of 5 May 2005. Plaintiff complained to the Assistant City Manager about Young; Plaintiff acknowledges that the Assistant City Manager assisted him in obtaining his occupational license. Plaintiff has been issued an occupational license for body art within Fogarty's every year since 14 March 2005. Plaintiff ceased operating his business at the Fogarty's location sometime in April 2005. Plaintiff alleges that Young's conduct caused him to fear for his life and forced Plaintiff to close down his business.

In November 2005, Plaintiff applied for a street artist permit that was denied by Key West's Art in Public Places Board because the Board determined the art of henna tattoos did not qualify. After Plaintiff appealed that denial, in July 2006, the

3

Art in Public Places Board recognized Plaintiff as a street artist.

In October 2006, Plaintiff was issued a Notice of Code Violation for selling beads during a special event without first obtaining a special-event license. With the assistance of the Assistant City Manager, Plaintiff was issued a special-event license "after the fact" that remedied the Notice of Violation. No fines, costs, or penalties were assessed against Plaintiff.

On 27 September 2007, Plaintiff was issued a civil citation for obstructing a sidewalk by leaving a three by three foot sign unattended and propped against a pole. The citation was issued by Code Compliance Officer Addleman. Addleman previously had told Plaintiff that "you guys come to this country, my father and grandfather died for this country." Plaintiff maintains this statement is specific evidence of discriminatory intent. The county court dismissed the sign-based case; no fines, costs, penalties, or fees were assessed.

We note that Plaintiff's suit is against Key West; the persons that Plaintiff claims treated him with discriminatory animus are not sued in their individual capacities. Plaintiff was issued all requested licenses by Key West officials. Although Plaintiff complains that he was forced to jump through more hoops in the process, the record evidence fails to support his claim of a constitutionally cognizable deprivation.

4

The discriminatory statements attributed to Young and Addleman (even if repugnant and offensive), without more, state no constitutional violation cognizable under Section 1983. See Doe v. Gooden, 214 F.3d 952, 955 (8th Cir. 2000) (verbal abuse normally states no constitutional violation); Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991) (Constitution does not protect against all intrusions; fear or emotional injury resulting solely from verbal harassment or idle threats generally insufficient to state constitutional violation). Plaintiff accepts that his claim cannot stand on harassment alone. Instead, he argues that the totality of circumstances -- the harassment, biased code enforcement, and inordinate delays in the issuance of licenses and permits -- support his claim.

The only act of enforcement taken against Plaintiff -- other than the favorable after-the-fact issuance of a special-event license -- was the civil citation issued by Addleman; that citation was dismissed without imposition of a fine, penalty or other fee. The only significant delay in the issuance of a license -- the almost seven months Plaintiff waited for his street artist license -- was linked to no charge of racial animus: the Art in Public Places Board initially took the position that henna art failed to qualify for a license under the applicable ordinance. We agree with the district court that Plaintiff's section 1983 claims fail as a matter of law: he proffered insufficient evidence that he suffered a constitutional

5

deprivation.[*]

AFFIRMED.

---

[*]Because Plaintiff fails to show his equal protection rights were violated, the issue of municipal liability need not be explored.  We note, however, that we doubt there was error in the district court's conclusion that had a violation been shown, summary judgment in favor of Key West was due to be granted: no sufficient basis for imposing municipal liability had been shown.