# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-1587

_____

Britain Moore, Individually, and as parent and legal guardian of Jashanti Davis, a minor on behalf of Jashanti Davis

*Plaintiff - Appellant*

v.

Saul Lusks, Individually and in his official capacity as Superintendent of the Lee County School District, Lee County School District; Willie Murdock, Individually and in her official capacity as Assistant Superintendent of the Lee County School District; Milton Hall, member of the Lee County School Board, in his official and individual capacity; Elizabeth Johnson, member of the Lee County School Board, in her official and individual capacity; Lafayette Smith, member of the Lee County School Board, in his official and individual capacity; Victoria Perry, member of the Lee County School Board, in her official and individual capacity; David Waldrip, member of the Lee County School Board, in his official and individual capacity; Kendall Gray, member of the Lee County School Board, in his official and individual capacity; Francile Cooper, Individually and as an agent of the Lee County School District; Regina Stone, Individually and as an agent of the Lee County School District

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: July 22, 2016
Filed: July 27, 2016
[Unpublished]

_____

RILEY, Chief Judge, BOWMAN and BEAM, Circuit Judges.

_____

PER CURIAM.

Britain Moore, individually and on behalf of her minor child, Jashanti Davis, brought claims under 42 U.S.C. § 1983 and Arkansas state law against several officials of Lee County School District in their official and personal capacities. The district court[1] found that Moore's amended complaint failed to allege facts supporting a cause of action under § 1983 and dismissed those claims. With all federal claims dismissed, the district court dismissed the entire amended complaint for want of federal subject matter jurisdiction without prejudice to Moore's filing her complaint in state court. We affirm.

We take Moore's alleged facts as true. Over a period of ten months, Davis's bus driver, Francile Cooper, bullied Davis on a weekly basis. Cooper would tell Davis she was an "ignorant bitch" and repeatedly encouraged Davis to "go home and kill yourself" because "nobody loves you." Cooper threatened to paddle Davis if she reported the bullying. Regina Stone, another district employee, witnessed Cooper threaten Davis and conspired with Cooper to keep the abuse under wraps. At one point, Stone entered Davis's classroom to tell her to "stop lying" about Cooper's bullying. Davis's teacher, Mrs. Holland, witnessed Davis being threatened in her classroom. The bullying caused Davis emotional suffering for which she has sought psychiatric treatment.

After Moore learned that Cooper was bullying her daughter, she visited Superintendent Saul Lusks's office on several occasions to discuss Cooper's behavior,

_____

[1]The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas.

but the visits were to no avail. She was similarly stonewalled by Assistant Superintendent Willie Murdock and Director of Transportation Titus Howell. The officials deliberately ignored her complaints, failed to document them, and failed to take steps to address the harassment. The school district knew that there was, generally, a problem with bus drivers behaving abusively toward students and, specifically, that Cooper had previously struck a student and that Moore had filed a criminal affidavit against Cooper. Despite this, and despite Cooper's failing to meet certain requirements such as maintaining current medical records, the school district continued to employ Cooper.

Moore brought claims against Lusks, Murdock, Cooper, Stone, and each member of the Lee County School Board in their official and personal capacities. Moore alleged that these officials violated § 1983 by engaging in conscience-shocking behavior and by failing to follow the district's procedures for addressing bullying, in violation of Davis's rights under the Fourteenth Amendment to substantive and procedural due process.[2] Moore also brought state-law claims. The district court found that the officials' behavior, as alleged, was unfortunate but did not rise to the level of conscience-shocking behavior necessary to state a substantive due process violation. Further, it found that although the officials were alleged to have failed to follow the district's bullying procedures, the amended complaint did not allege a protected liberty or property interest and thus failed to state a claim for violation of procedural due process. With only the state-law claims remaining, it dismissed the amended complaint without prejudice to Moore's refiling in state court.

---

[2]Moore also references 42 U.S.C. § 1985 in her amended complaint, but fails to state a § 1985 claim as she nowhere alleges that Cooper's bullying or the district's failure to act was motivated by protected discriminatory animus. Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993).

On appeal, Moore argues only that the district court erred in dismissing her substantive due process claim.[3]

Moore argues that Cooper's harassment rose to the level of conscience-shocking behavior because her encouraging Davis to commit suicide was tantamount to attempted manslaughter, see Ark. Code Ann. 5-10-104, and because it amounted to "a severe invasion of the student's personal security and autonomy," Wise v. Pea Ridge Sch. Dist., 855 F.2d 560, 565 (8th Cir. 1988). We do not agree that Cooper's behavior as alleged, though reprehensible, is sufficient to promote a claim otherwise actionable under tort law to one of constitutional proportions. See Costello v. Mitchell Pub. Sch. Dist. 79, 266 F.3d 916, 921 (8th Cir. 2001) (holding verbal abuse by teacher of disabled student failed to raise fact issue "on whether his behavior was sufficiently shocking to the conscience to state a substantive due process claim"); Doe v. Gooden, 214 F.3d 952, 955 (8th Cir. 2000) ("Verbal abuse is normally not a constitutional violation."). Wise is inapplicable because it deals exclusively with corporeal punishment. 855 F.2d at 564-55.

Accordingly, we affirm.

_____

[3]Moore has thus waived any objection to the district court's dismissal of her § 1983 claim based on a violation of Davis's right to procedural due process. See Eagle Tech. v. Expander Americas, Inc., 783 F.3d 1131, 1138 n.2 (8th Cir. 2015).