NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3465
_____

L. H.; C. H., as legal guardians of their minor children;
A. H., minor child,

Appellants

v.

PITTSTON AREA SCHOOL DISTRICT;
SUPERINTENDENT MICHAEL GARZELLA, Individually;
KELLI DIAZ, a/k/a PAVALONIS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court Civil No. 3-13-cv-00788)
District Judge:  Honorable Malachy E. Mannion

Submitted Under Third Circuit LAR 34.1(a)
September 7, 2016

BEFORE:  JORDAN, VANASKIE, and NYGAARD, *Circuit Judges*

(Filed: November 21, 2016)
_____

OPINION*
_____

NYGAARD, *Circuit Judge*.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

A teacher leveled some inappropriate verbal insults at an eighth grade pupil. In granting summary judgment to the School District, the superintendent, and the teacher, the District Court ruled that these insults, while certainly disturbing, were not actionable. We agree with that conclusion and will affirm the District Court's ruling.

I.

A.

Because this opinion lacks precedential value, and because we write solely to explain our decision to the parties, we presume their familiarity with the underlying factual background and the procedural history of this dispute. Therefore, we provide the following précis. In September of 2012, Appellee Kelli Diaz (Diaz),[1] a social studies teacher in the Appellee Pittston Area School District (School District), was covering a computer science class for an absent colleague. No lesson plan had been provided, so Diaz allowed the students to work on their homework in other subjects. The students became unruly and Diaz repeatedly asked them to remain quiet. Things apparently went from bad to worse, and what happened next is not disputed because it was recorded by A. H., a minor student, on his cell phone. After moving A. H. from the back to the front of the classroom, Diaz told him to "shut up;" that "it's day 13 and I can't stand you already;" that "I'm not the only teacher who can't stand you;" and that A. H. was "going to have the [worst] year ever." The teacher also questioned whether A. H. "had a

---

[1] Throughout this case, the parties have referred to this Appellee as "Kelli Diaz," which was how she was known at the time of the incident. She is listed in the caption of this case as "Kelli Pavalonis," which is her married name. Like the District Court, we will refer to her as "Kelli Diaz" in the interests of clarity and continuity.

problem," and whether he suffered from Tourette's.[2]  After learning of this incident,  A. H.'s parents, L. H. and C. H. (Appellants herein) met with Superintendent Michael Garzella (Garzella), also an Appellee, and asked him to investigate.  They additionally asked Garzella to terminate Diaz' employment.  A subsequent inquiry concluded that Diaz had not violated the Pennsylvania School Code, and based on that determination, the School Board decided not to dismiss her.  However, Diaz was required to acknowledge her inappropriate conduct in writing, to promise such verbal insults would not be used again, and to take a remedial course.

These consequences did not satisfy the Appellants, who sued the School District, Garzella, and Diaz in the District Court on behalf of A. H. and in their own right. Pursuant to 42 U.S.C. § 1983, they raised claims of First Amendment retaliation and violations of Due Process.  They also raised claims based in state law for intentional infliction of emotional distress, negligent hiring, training, and supervision.  The District Court granted summary judgment to the Appellees on all claims and this appeal followed.

B.

The District Court had jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) and over the state law claims under 28 U.S.C. § 1367(a).  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review a district court's grant of summary judgment de novo.  *Doe v. Indian River Sch. Dist.*, 653 F.3d 256, 275 n. 7 (3d Cir. 2011).

---

[2] This is an apparent reference to Tourette's Syndrome, which the District Court noted is a "neurological disorder marked by repetitive motor and verbal tics.  Affected persons may blink, jerk, grunt, clear their throats, swing their arms, grasp or clasp others, have obsessive-compulsive behaviors, or use verbal expletives  uncontrollably."  App. at 3, *citing* Taber's Cyclopedic Medical Dictionary at 2199 (9th ed. 2001).

In doing so, we apply the same standard as the District Court. *Id.* That is, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether summary judgment is warranted, we "must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Doe*, 653 F.3d at 275 n.7.

## II.

Appellants argue that the District Court improperly granted summary judgment. For essentially the same reasons stated by the District Court in its opinion, we conclude that, even drawing all permissible factual inferences in Appellants' favor, summary judgment was appropriate. We will briefly address each of Appellants' claims, as set forth in the amended complaint, beginning with the federal claims.

### A. Federal Claims – Counts I and IV

Count I of the Third Amended Complaint is a claim of First Amendment retaliation against the School District. A successful claim of First Amendment retaliation must show that a plaintiff engaged in constitutionally protected conduct, was subjected to adverse actions by a state actor, and demonstrate that the protected activity was a substantial motivating factor in the state actor's decision to take the adverse action. *See Brightwell v. Lehman*, 637 F.3d 187, 194 (3d Cir. 2011). For an action to be adverse, the alleged retaliation must be "sufficient 'to deter a person of ordinary firmness' from exercising his First Amendment rights." *Id.* (citation omitted). Here, the Appellants allegations are that the School District failed to dismiss Diaz, failed to respond properly

4

to the Appellants' questions about the progress of the investigation, and failed to inform them of the discipline Diaz ultimately received. These failures of action, they allege, caused them to remove their child from school and instruct him at home for five months. This is the basis for their retaliation claim. But, allegations of inaction are not sufficient to establish an actionable claim for retaliation. *See Kaucher v. County of Bucks*, 455 F.3d 418, 433 n. 11 (3d Cir. 2006) ("[F]ailures to act cannot form the basis of a valid § 1983 claim."). Here, the Appellants allege only inaction on the part of the School District. As such, the District Court correctly granted summary judgment to the School District on the First Amendment retaliation claim because the Appellants could not establish retaliatory action.

Count IV of the amended complaint charges the School District and Garzella with violations of A. H.'s substantive due process rights based on a state created danger theory. We have adopted a "state-created danger" exception to the general rule that the Due Process Clause imposes no duty on states to protect their citizens from private harm. *See Kneipp v. Tedder*, 95 F.3d 1199, 1211 (3d Cir. 1996). In *Bright v. Westmoreland County*, 443 F.3d 276 (3d Cir. 2006), we clarified that a successful state-created danger claim must establish that the alleged harm was foreseeable and fairly direct; that a state actor acted with a degree of culpability that shocks the conscience; that a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and that a state actor affirmatively used his or her authority in a way that

5

created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all. *Id*. at 281. Focusing on the fourth part of the *Bright* test, the District Court concluded that the Appellants failed to establish how the School District or Garzella affirmatively used their authority to create a danger or make A. H. more susceptible to a danger. Our review of the record leads us to the same conclusion. Appellants charge only that the School District and the Superintendent failed to provide proper training, supervision and monitoring of Diaz. We have been clear: to satisfy the fourth element of the state created danger test, a plaintiff must "allege an affirmative action rather than inaction or omission." *Bright*, 443 F.3d at 282.

The substantive due process claim against Diaz, which is also set out in Count IV, is not a state-created danger claim, but rather alleges that the teacher "inflicted cruel and unusual treatment onto [A. H.] in a public school classroom" through her verbal abuse of the student. They claim this verbal abuse violated A. H.'s liberty interest in bodily integrity. *See, e.g., Philips v. Cnty. Of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008). Specifically, the Appellants claim violations of A. H.'s liberty interest in "not being defamed, humiliated, and made fun of in front of his minor peers." However, "verbal abuse is normally not a constitutional violation," *Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000), and for such claims to succeed, the teacher's actions must "shock the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833 (1998); *Fagan v. City of Vineland*, 22 F.3d 1296, 1303 (3d Cir. 1994) (en banc ).

Telling a student, among other things, to "shut up," and questioning whether he suffers from Tourette's Syndrome are obviously disturbing breaches of decent behavior,

particularly when aimed at a child and, more troubling still, a child who has to sit and listen to the insults because they are coming from his teacher. But, bad as Diaz' behavior was, it does not rise to the level of conscience-shocking behavior. *Cf. Abeyta v. Chama Valley Indep. Sch. Dist.*, 77 F.3d 1253 (10th Cir. 1996) (noting that a teacher calling a sixth-grade student a prostitute in front of her classmates for over a month-and-a-half did not rise to the level of a substantive due process claim.). We agree, therefore, with the District Court that Appellants cannot recover under a substantive due process theory.

## B.     Federal Claim — Count II

Count II of the Appellant's Amended Complaint raises claims of negligent hiring, inadequate supervision, screening, and training against the School District. These claims are also brought pursuant to 42 U.S.C. § 1983. To hold the School District liable under these theories of recovery, however, the Appellants must show that there was a constitutional violation and that the violation was caused by the School District's custom or policy. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Appellants cannot recover under any of these theories for the simple reason that they have failed to establish an underlying constitutional violation, as we have determined, *supra*. Therefore, we share the District Court's conclusion that the Appellants' could not recover under the theories presented in Count II.

## C.     State Law Claims — Counts III and V

Before briefly addressing the specific aspects of the Appellants' state law claims against the School District and the Superintendent, we must determine which of these issues are actually before us. The School District tells us that the Appellants have

abandoned or waived their state law negligent supervision, training and hiring claims (Count V), as well as their state law intentional infliction of emotional distress claims. (Count III). We agree. Very simply, the failure to raise an issue in an opening brief waives the issue on appeal. *Kost v. Kozakiewicz,* 1 F.3d 176, 182 (3d Cir. 1993) (holding that issues not presented in the opening brief are deemed waived).

The Appellants have, however, adequately raised issues on appeal concerning the District Court's grant of summary judgment in favor of Superintendent Michael Garzella on the state law claims. Nonetheless, we will affirm. As to the intentional infliction of emotional distress claim, the Appellants argue that Garzella's conduct is actionable because it falls under 42 Pa. C.S. § 8550 as willful misconduct. The District Court rightly denied Garzella immunity on this claim because an employee of a local agency may be stripped of his immunity when he engages in conduct that is found to constitute "a crime, actual fraud or willful misconduct," 42 Pa C.S. § 8550. However, the District Court also rightly granted summary judgment to Garzella because the Appellants' allegations could not demonstrate that the superintendent engaged in willful misconduct. He met with L. H. and C. H. to discuss the incident. He further acknowledged the offensive nature of Diaz' comments indicated his position that such behavior on the part of the teacher was not to be tolerated, and that he would "take care of it." The record shows he did just that.

Together with the School Board, Garzella hired an independent investigator to look into whether Diaz had violated any provisions of the Pennsylvania School Code. The investigator's report indicated that Diaz had not violated any provisions of the code

8

and, as a result, could not be suspended or terminated. Nevertheless, Garzella saw to it that Diaz received a verbal reprimand. Diaz also acknowledged in writing that her conduct was inappropriate and would not be repeated. The superintendent also required Diaz to attend a remedial course.

Like the District Court, we conclude that Garzella's actions fail to rise to an extreme or outrageous level such that they would sustain the Appellants' intentional infliction of emotion distress claim against him. We thus will affirm the District Court's grant of summary judgment to the superintendent on those claims.

### III.

We have thoroughly reviewed all of the arguments raised by the parties in this appeal and conclude that they are without merit. Accordingly, we will affirm the ruling of the District Court.