# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3657

_____

Richard L. Gordon,      *
    *
        Appellant,     *
    *
     v.     *   Appeal from the United States District
    *   Court for the District of Nebraska.
James A. Hansen; Lucinda Glen; Kent    *
Plummer; Richard Anderson; Richard    *       [PUBLISHED]
Jarvis,     *
    *
        Appellees.     *

_____

Submitted: March 12, 1998
Filed: February 23, 1999

_____

Before MORRIS SHEPPARD ARNOLD and FLOYD R. GIBSON, Circuit Judges, and NANGLE,[1] District Judge.

_____

PER CURIAM.

Richard L. Gordon brought this action against Nebraska state officials, James A. Hansen, the Director of the Nebraska Department of Banking (the "Department"), Lucinda Glen, counsel for the Department, and Kent Plummer, a Senior Review

_____

[1]The Honorable John F. Nangle, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

Examiner for the Department, to recover monetary damages from each in their individual capacities pursuant to 42 U.S.C. § 1983 (1994).  In addition, Gordon asserted constitutional tort claims against Richard Anderson, a Review Examiner in the Division of Compliance and Consumer Affairs of the Federal Deposit Insurance Corporation ("FDIC"), and Richard Jarvis, Assistant Regional Director of the FDIC's Division of Supervision[2] in their individual capacities pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Gordon alleged that Appellees engaged in a conspiracy to deprive him and did deprive him of his constitutional rights to substantive and procedural due process. Upon motions to dismiss filed by Appellees, the district court[3] held that Gordon failed to state a substantive due process claim for which relief could be granted and that the Department officials were subject to absolute immunity on certain procedural due process claims and that Gordon failed to state a claim on the other procedural due process claims.  The district court further dismissed without prejudice Gordon's remaining procedural due process claim against the FDIC officials because the underlying administrative action had not concluded in Gordon's favor at the time of the instant action.  Gordon appeals this dismissal, and, for the reasons set forth below, we affirm.

## I.    BACKGROUND

From early 1987 until March 1994, Gordon served as general counsel for the Community First Bank of Nebraska ("Bank"), formerly known as the Abbot Bank, located in Alliance, Nebraska.  Gordon was a member of the law firm McGrath,

---

[2]We will refer to both the state and federal defendants collectively as "Appellees."

[3]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

North, Mullin & Kratz ("MNM&K"). The Bank was chartered by the State of Nebraska and insured by the FDIC.

On January 27, 1994, the Bank's president met with Glen and Plummer to present information and materials to support his allegation that the Bank was in immediate danger of failing because of the majority stockholder's policies and Gordon's implementation of those policies. Anderson and Jarvis participated in the meeting by phone. The owners of the Bank, members of its board of directors, and Gordon were unaware of this meeting. Thereafter, a second meeting was held among Appellees, representatives from the Federal Reserve Bank, the United States Attorney's Office, the Nebraska Attorney General's Office, and the Federal Bureau of Investigation. At this meeting, the FDIC and the Department decided to conduct a joint investigation of the Bank.

In February of 1994, the FDIC issued an order of investigation against the Bank and commenced a joint examination with the Department. Gordon claims that, despite his repeated attempts to gain information about the reason for the investigation, he was denied access to such information. Gordon further contends that, by February 24, 1994, Appellees learned that there was no imminent financial danger to the Bank. Gordon charges that Appellees intentionally disregarded this information and worked to remove him from his employment with the Bank.

On March 10, 1994, the Department issued an emergency order to the Bank which required that the Bank not terminate any officer or director nor force, require, or coerce any officer or director to resign without the prior approval of the Department and the FDIC. On March 11, 1994, the Department issued a second emergency order to the Bank, its officers, directors, and employees which mandated that the Bank cease and desist from allowing Gordon to act as an executive officer of the Bank. This order determined that Gordon was acting as an unlicensed executive officer in violation of Neb. Rev. Stat. § 8-139 (1997). Thereafter in March of 1994,

the Bank terminated its relationship with Gordon and MNM&K and retained new general counsel. Gordon claims that the Department issued these orders in furtherance of its conspiracy with the FDIC to remove him from his position as the Bank's general counsel.

Gordon requested and was granted a hearing on the March 11 emergency order. At the hearing, Gordon and other interested parties appeared and were represented by counsel. After consideration of the parties' briefs and final arguments, the hearing officer submitted his recommended findings and order to the Director of the Department, Hansen, for consideration. The hearing officer determined that Gordon had not acted as an executive officer of the Bank and recommended that the March 11 emergency order be set aside. Following a review of the hearing record, Hansen rejected the hearing officer's recommendation and sustained the March 11 emergency order in the Department's Order of December 22, 1994. Gordon appealed the Department's Order of December 22 to the District Court of Lancaster County, Nebraska. The District Court of Lancaster County dismissed the appeal as moot because the Bank had been sold in the interim.

On February 28, 1996, the FDIC issued a Notice of Intention to Prohibit from Further Participation; Notice of Assessment of Civil Money Penalties; Findings of Fact and Conclusions of Law; Order to Pay and Notice of Hearing to Gordon and other individuals involved in the Bank's management in 1994. The FDIC based this notice, in part, upon its finding that Gordon had acted as the chief executive officer of the Bank in a manner which violated applicable law and regulations and resulted in loss or risk of loss to the Bank.

On March 8, 1996, Gordon commenced this section 1983 and <u>Bivens</u> action[4] in the United States District Court for the District of Nebraska seeking damages from Appellees in their individual capacities for allegedly violating Gordon's constitutional rights under the First,[5] Fifth, and Fourteenth Amendments of the United States Constitution.[6]  Upon motions to dismiss filed by Appellees, the district court concluded that Gordon failed to state a claim upon which relief can be granted for his section 1983 and  <u>Bivens</u> claims.  As such, the district court declined to exercise supplemental jurisdiction over Gordon's state law claims.

On August 22, 1996, Gordon filed an Amended Complaint against Appellees which alleged the same causes of action.  The district court, upon considering Appellees' motions to dismiss, found that Gordon's allegations remained insufficient to state a substantive due process claim, that the Department's officials were entitled to absolute immunity on certain procedural due process allegations,[7] and that Gordon

---

[4]Gordon also filed Nebraska state law claims against Hansen, Glen, and Plummer for abuse of process and intentional interference with a business relationship.  After dismissing Gordon's federal claims, the district court declined to retain supplemental jurisdiction over these state law claims.

[5]In his original complaint, Gordon alleged that Appellees denied him his First Amendment rights of freedom of speech and freedom of association.  Gordon did not supplement these allegations in his Amended Complaint nor did he appeal their dismissal by the district court.

[6]Specifically, Gordon alleged that Appellees violated his constitutional rights by:  (1) depriving him of his right to substantive due process by actually or constructively causing his discharge from his general counsel position for the Bank and his discharge as a law partner for MNM&K; (2) causing Gordon to suffer a loss of personal and professional reputation in his community; and (3) depriving Gordon of his rights to procedural due process under the Fifth and Fourteenth Amendments.

[7]Specifically, Gordon alleged that Hansen acted as a quasi-judicial officer in this matter while also issuing and continuing the Emergency Orders, despite knowing

failed to state a claim on the remaining procedural due process allegations.[8]  The district court further dismissed without prejudice Gordon's procedural due process claim against the FDIC officials because Gordon can not assert a Bivens damages action until the underlying administrative action concludes in Gordon's favor per Heck v. Humphrey, 512 U.S. 477 (1994).  Gordon appeals the dismissal of his Amended Complaint.

## II.  DISCUSSION

We review the district court's Rule 12(b)(6) dismissal de novo.  See Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998).  We will not dismiss a complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would demonstrate an entitlement to relief.  See id.  When analyzing a 12(b)(6) dismissal, we accept the complaint's factual allegations as true and construe them in the light most favorable to the plaintiff.  See id.

---

that no financial emergency existed at the Bank, and directing the prosecution and investigation of Gordon and the Bank in preparation for the hearing before the hearing examiner.  Gordon further claims that Hansen sent information to prospective witnesses to assist the prosecution of the case before the hearing examiner, withheld information from Gordon before and during this hearing, and continues to withhold relevant and discoverable documents in his possession.

[8]Specifically, Gordon alleged that Hansen acted as a quasi-judicial officer in this matter while also initiating the investigation and directing the Department officials in the investigation and prosecution of Gordon and the Bank, and continuing the investigation despite knowing that no financial emergency existed at the Bank.  Gordon also claimed that Hansen worked closely with Glen and Plummer in rejecting the hearing examiner's Recommended Findings.  In addition, Gordon alleged that Appellees released to the media confidential information gained through the investigatory process.

To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). "Section 1983, of course, requires a causal relationship between a defendant's conduct and a plaintiff's constitutional deprivation. Absent such a relationship, the defendant is entitled to dismissal." Latimore v. Widseth, 7 F.3d 709, 716 (8th Cir. 1993) (en banc); see also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "An action under Bivens is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials." Christian v. Crawford, 907 F.2d 808, 810 (8th Cir. 1990). Because the section 1983 and Bivens claims involve the same analysis, we consider them together.

In the present case, we agree with the district court that Gordon cannot assert a section 1983 or Bivens claim against Appellees because, accepting Gordon's allegations as true, such allegations are insufficient to state a claim for violating Gordon's substantive due process rights. The Department's issuance of the emergency orders which, in part, mandated that the Bank, its officers, directors, and employees cease and desist from allowing Gordon to act as an unlicensed executive officer, and Appellees continued joint investigation of the Bank after discovering that the Bank was not in immediate danger of financial collapse do not constitute "abusive, arbitrary, or oppressive government conduct." Gregory v. City of Rogers, Ark., 974 F.2d 1006, 1009 (8th Cir. 1992); see also Chesterfield Dev. Corp.v. City of Chesterfield, 963 F.2d 1102, 1104 (8th Cir. 1992) (noting that substantive due process claims should be limited to "truly irrational" governmental action). Appellees' investigation was authorized by applicable federal and state law[9] and was proper because an agency "can investigate merely on suspicion that the law is being

_____

[9]See 12 U.S.C. § 1820(c) (1994) (FDIC investigatory authority); Neb. Rev. Stat. §§ 8-103(1), 8-108 (1997) (the Department's investigatory authority).

violated, or even just because it wants assurance that it is not." United States v. Morton Salt Co., 338 U.S. 632, 642-43 (1950).

Even if we were to assume that Appellees' investigation of Gordon was motivated by malice, such facts would only give rise to a claim for malicious prosecution which is not punishable under section 1983, or Bivens, because it does not allege a constitutional injury. See Gunderson v. Schlueter, 904 F.2d 407, 409 (8th Cir. 1990). Moreover, we find that Appellees did not order the termination of Gordon's employment as general counsel with the Bank or as a partner with MNM&K; rather, Appellees merely prohibited Gordon from acting as an unlicensed executive officer, which Gordon had no legal right to do. Thus, Appellees' orders did not cause Gordon's claimed injury: loss of employment. These allegations fail to establish a causal link between the alleged wrongful action and deprivation and, therefore, fail to state a section 1983, or Bivens, claim for violation of Gordon's substantive due process rights. See Madewell, 909 F.2d at 1208.

We next turn to Gordon's procedural due process allegations.[10] Gordon essentially contends that Appellees denied him a fair hearing and the FDIC defendants, Jarvis and Anderson, also violated his procedural due process rights by relying upon the Department's actions in bringing the FDIC action against Gordon when the FDIC defendants knew that the allegations against Gordon had no factual basis. We disagree.

To set forth a procedural due process violation, a plaintiff, first, must establish that his protected liberty or property interest is at stake. See Marler v. Missouri State Bd. of Optometry, 102 F.3d 1453, 1456 (8th Cir. 1996). Second, the plaintiff must prove that the defendant deprived him of such an interest without due process of law.

---

[10]See notes 7-8 supra discussing Gordon's procedural due process allegations.

<u>See id</u>. Although the Due Process Clause requires a fair and impartial tribunal, "[w]e begin with a presumption that decision-makers are honest and impartial." <u>Id.</u> at 1457.

In the present case, assuming that Gordon can establish a protected liberty interest in his employment and his right to engage in his profession without unreasonable governmental interference, the facts show that Gordon received the procedural safeguards that the Due Process Clause requires. Gordon availed himself of the administrative hearing process to contest the Emergency Orders and appealed the Department's orders to the District Court of Lancaster County, Nebraska. After a thorough review of Gordon's procedural due process allegations, we cannot say that the alleged combination of Hansen's investigating and judging functions constitutes a denial of procedural due process. <u>See</u> <u>Withrow v. Larkin</u>, 421 U.S. 35, 46-55 (1974); <u>Williams v. Day</u>, 553 F.2d 1160, 1163-64 (8th Cir. 1977) (an agency's familiarity with the facts of a case gained in performing its statutory role does not disqualify a decision maker); <u>Wilson v. Redevelopment Corp.</u>, 488 F.2d 339, 342-43 (8th Cir. 1973) (substantial prior involvement in a case is not sufficient to bar a person from acting as a decision maker). In this situation, the involved procedure did not create an unconstitutional risk of bias in the administrative adjudication, and Gordon has not overcome the presumption of honesty and integrity of his adjudicator. We, therefore, conclude that Gordon fails to state a procedural due process claim for which relief can be granted against the Appellees.

Similarly, we conclude that Gordon failed to state a procedural due process claim against the FDIC officials. The FDIC complied with the relevant statutory procedures for issuing its February 26, 1996 Notice and Order. <u>See</u> 12 U.S.C. §1818(e), (i), (n) (1994); <u>Federal Deposit Ins. Corp. v. Mallen</u>, 486 U.S. 230, 240-42, 248 (1988). Moreover, Gordon was entitled to request a hearing on the charges contained in the FDIC Notice and Order before these charges became effective.

Therefore, we also dismiss with prejudice Gordon's remaining procedural due process claims against the FDIC for failure to state a claim upon which relief can be granted.[11]

Finally, because we find that Gordon's procedural due process allegations failed to state a claim upon which relief could be granted, we need not address the issue of whether Appellees are absolutely immune from personal liability for damages. We note, however, that Appellees would be entitled to absolute immunity from damages liability for the reasons expressed in the district court's memorandum and order. See J.A. at 278-79.

Likewise, because Gordon has failed to state either a substantive or procedural due process claim, Gordon cannot state a claim for a civil conspiracy. See K & S Partnership v. Continental Bank, N.A., 952 F.2d 971, 980 (8th Cir. 1991) (Civil conspiracy "does not set forth an independent cause of action but rather is sustainable only after an underlying tort claim has been established.") (internal quotations and citations omitted).

## III.  CONCLUSION

Accordingly, for the reasons set forth above, we affirm the district court's dismissal with prejudice of Gordon's section 1983 substantive and procedural due

---

[11]We note that the district court dismissed without prejudice Gordon's procedural due process claims against the FDIC defendants because the FDIC administrative action had not yet concluded in Gordon's favor. See Heck, 512 U.S. at 486-87 (holding that when a section 1983 action that questions the validity of a criminal conviction is brought before the conviction has been overturned, the section 1983 action must be dismissed). We need not reach whether Heck's rationale applies to the instant case -- in that Gordon's section 1983 damages claim, brought before the merits of the underlying FDIC investigation is resolved in his favor, could result in conflicting adjudications -- because we conclude that Gordon's allegations fail to state a procedural due process claim against the FDIC officials.

process claims against Appellees. We also affirm the district court's dismissal of Gordon's remaining procedural due process claims against the FDIC officials regarding the FDIC administrative proceedings but conclude that this dismissal should be with prejudice.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.