# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3636

_____

Heather Patrice Hogrobrooks,       *
                                             *
              Appellant,               *
                                             *
      v.                                 *
                                             *
Arkansas Supreme Court Committee on  *
Professional Conduct; James A. Neal,   *
Individually and in his official capacity;  *   Appeal from the United States
Richard A. Reid, Individually and in his  *   District Court for the Eastern
official capacity; Sue Winters,         *   District of Arkansas.
Individually and in her official capacity; *
Carlton Bailey, Individually and in his   *       [UNPUBLISHED]
official capacity; Alan Humphries,     *
Individually and in his official capacity;  *
Ken Reeves, Individually and in his     *
official capacity; Burt Virden,         *
Individually and in his official capacity;  *
B. Michael Easley, Individually and in   *
his official capacity as agent of the      *
Arkansas Supreme Court Committee on  *
Professional Conduct, Agent of St.      *
Francis County, Arkansas, and as Agent  *
of Harvey Yates, First Judicial District   *
Court Judge; Harvey Yates, First       *
Judicial District Court Judge in his      *
official capacity,                      *
                                             *
              Appellees.              *

_____

Submitted: May 2, 2001
Filed: May 7, 2001
_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.
_____

PER CURIAM.

Heather Hogrobrooks appeals from the district court's[1] dismissal of her civil rights complaint and imposition of sanctions. Upon de novo review, see Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998), we conclude that Hogrobrooks's complaint was properly dismissed as barred by res judicata and the Rooker-Feldman[2] doctrine, see Costner v. URS Consultants, Inc., 153 F.3d 667, 673 (8th Cir. 1998) (res judicata bars further claims by parties based on same cause of action); Neal v. Wilson, 112 F.3d 351, 356 (8th Cir. 1997) (under Rooker-Feldman doctrine, district court lacked subject matter jurisdiction over challenge to state bar disciplinary proceedings). We further conclude that the district court did not abuse its discretion in imposing sanctions or denying appointment of counsel. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990) (sanctions); Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998) (appointment of counsel).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

[2]Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.