**Raymond DILLON, Plaintiff,**

v.

**BROWN COUNTY, NEBRASKA, Greg McBride, and James L. Huckabay, Sr., Defendants.**

**No. 8:02CV108.**

United States District Court, D. Nebraska.

Aug. 5, 2002.

Todd Flynn, Lead Attorney, Palmer, Kozisek Law Firm, Ainsworth, NE, for plaintiff.

Charles W. Campbell, Lead Attorney, Angle, Murphy Law Firm, York, NE, for defendants.

## MEMORANDUM AND ORDER

BATAILLON, District Judge.

### I.  Introduction

Before me are the defendants' motions to dismiss, Filing Nos. 29, 30, and 31, brought under Federal Rules of Civil Procedure 12(b)(6) and 12(f).  I have carefully reviewed the record, the parties' briefs, and the relevant law.  I conclude that the defendants' motions to dismiss should be granted in part and denied in part, and the plaintiff granted leave to amend the complaint.

### II.  Factual Background

Plaintiff Raymond Dillon is a resident of Rapid City, South Dakota.  The plaintiff claims that on July 5, 2000, he was operating a 1984 Honda three-wheeler approximately two miles west of Ainsworth in Brown County, Nebraska, traveling south across a grassy area.  The plaintiff alleges that defendants James L. Huckabay, Sr., and Greg McBride inflicted severe injuries upon him by causing a collision between their 1998 Chevy Blazer and his three-wheeler.  The plaintiff further alleges that Huckabay, who was operating the Blazer at the time of the collision, acted in his official capacity as deputy sheriff of Brown County, Nebraska.  Huckabay was allegedly under the supervision of his passenger, McBride, who was the Brown County Sheriff.  The complaint offers no further information about the circumstances of the collision, such as whether or not Huckabay and McBride were in pursuit of the plaintiff when the collision occurred.

The plaintiff seeks to recover for the personal injuries he suffered in the collision.  Alleging jurisdiction under 42 U.S.C. § 1983 as well as the Fourth and Eighth Amendments, the plaintiff raises the following causes of action.

1.  Huckabay and McBride were grossly negligent.  Because they were acting within their official capacities, their gross negligence should be imputed to Brown County.

2.  Huckabay and McBride's use of deadly force against the plaintiff was an unlawful and unreasonable seizure of the plaintiff's person in violation of the Fourth Amendment of the United States Constitution, as well as cruel and unusual punishment under the Eighth Amendment.  Because Huckabay and McBride were acting in their official capacities, liability should be imputed to Brown County.

3.  McBride was grossly negligent in hiring and supervising Huckabay, and because McBride was acting in his official capacity, liability should be imputed to Brown County.

4. Brown County was grossly negligent in failing to investigate the activities of the Brown County Sheriff's Department.

### III. Discussion

**A.** *Tort Claims Act.* Although the defendants do not raise the matter, I note at the outset that the complaint does not fully take into account the requirements of the Nebraska Political Subdivisions Tort Claims Act, Neb.Rev.Stat. Ann. §§ 13–901 to 13–926 (Michie 1995). The plaintiff alleges that in January 2001 he filed a claim over the collision with the Clerk of Brown County under the Nebraska Political Subdivisions Tort Claims Act, but that after six months the claim had not been finally ruled on. Filing No. 1, Complaint, ¶¶ 6–7. The current status of this claim is thus unknown, but the complaint suggests that it is still pending.

The Act provides that neither a political subdivision such as Brown County nor its employees can be sued in tort except as provided in the Act. Neb.Rev.Stat. Ann. § 13–902. The Act bars a suit against a political subdivision or its employee unless "the governing body of the political subdivision has made a final disposition of the claim" presented to it; if the governing body does not dispose of the claim within six months of its filing, the claimant "may, by notice in writing, withdraw the claim from consideration of the governing body and begin suit." Neb.Rev.Stat. Ann. §§ 13–906, 13–920(2).

The plaintiff does not allege, nor is it clear from a liberal reading of the complaint, that he has complied with these requirements. Rather than striking outright the plaintiff's tort claims against the defendants, I will allow the plaintiff leave to amend his complaint to establish compliance with the Act and to refine his claims under 42 U.S.C. § 1983 as outlined below.

**B.** *Rule 12(f).* The defendants move to strike pursuant to Federal Rule of Civil Procedure 12(f). Under Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Since the complaint contains no allegations of this nature, I deny the defendants' Rule 12(f) motion without further discussion.

**C.** *Rule 12(b)(6).* The defendants also move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted. In considering a motion to dismiss under Rule 12(b)(6), the court accepts the factual allegations contained in the complaint as true and construes them in the light most favorable to the plaintiff. *Parnes v. Gateway 2000, Inc.,* 122 F.3d 539, 545–546 (8th Cir.1997). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would demonstrate an entitlement to relief. *Id.* Using this test, several of the defendants' arguments can be handled quickly.

First, the defendants argue that the plaintiff's first cause of action for gross negligence should be dismissed as to Huckabay and McBride because it fails to plead sufficient facts to state a claim. However, a pleading in federal court only requires that opposing parties be placed on notice as to the claims made and relief requested. *See* Fed.R.Civ.P. 8. Rule 8 provides that a pleading shall contain 1) a short and plain statement of the grounds upon which the court's jurisdiction depends, 2) a short and plain statement of the claim showing that the pleader is entitled to relief, and 3) a demand for judgment for the relief the pleader seeks. The plaintiff has alleged facts about the collision sufficient to state a negligence claim

against defendants McBride and Huckabay. Consequently, I will not dismiss the plaintiff's first cause of action against McBride and Huckabay in their official capacities on Rule 8 grounds. As indicated in part IIIA of this memorandum and order, however, the plaintiff's purely tort claims are in jeopardy of being dismissed for failure to comply with Nebraska's State Tort Claims Act.

█ Second, the defendants contend that the plaintiff's second claim for relief should be dismissed insofar as it is grounded in the Eighth Amendment. The cruel and unusual punishment clause of the Eighth Amendment does not apply until after an individual has been convicted. *Bell v. Wolfish,* 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Ingraham v. Wright,* 430 U.S. 651, 664, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). This is obviously a civil case. The plaintiff nowhere alleges that Huckabay and McBride were in hot pursuit when they collided with him, or that they were attempting to apprehend or arrest or even ticket him for some criminal offense, or that he has been convicted of any crime relating to the circumstances of the collision. Therefore, the plaintiff has no remedy under the Eighth Amendment, and the defendants' motion to dismiss the Eighth Amendment claim in the second cause of action is granted.

█ Third, the defendants claim that the negligent hiring and supervising claim in the third cause of action must be dismissed as to Huckabay, since he was the person whom McBride hired and supervised. Obviously, the defendants are correct; any negligent hiring and supervising claim against Huckabay thus is dismissed. But insofar as the third cause of action might be construed as raising allegations of excessive force by Huckabay, the defendants' motion is denied.

The defendants' more complex challenges ask whether any claims under 42 U.S.C. § 1983 can be maintained against Huckabay and McBride in their official capacities and, if so, whether their alleged liability could be imputed to Brown County.

█ In each claim's prayer for relief, the plaintiff states that the defendants' conduct occurred while the defendants "were acting within their *official* capacities with Brown County, Nebraska, and is imputed to Brown County, Nebraska." Filing No. 1, Complaint (emphasis added). Since the plaintiff did not expressly state that he also was bringing his section 1983 claims against Huckabay and McBride in their *individual* capacities, the plaintiff may only seek relief from Huckabay and McBride in their official capacities. "Absent such an express statement [that the plaintiff is suing public employees in their individual capacities], the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir.1999) (in a § 1983 action alleging constitutional violations, owners of property erroneously seized by deputy sheriff under a valid writ of execution sued sheriff and deputies only in their official capacities, thus eliminating any qualified immunity defense). The question here is whether Huckabay and McBride acted unconstitutionally and, if so, whether Brown County can be held liable for those acts.

█ A political subdivision like Brown County is generally not vicariously liable under section 1983 for its employees' unconstitutional acts. *Id.; see also Monell v. Department of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A political subdivision can be liable for the

unconstitutional acts of its officials and employees only when the plaintiff establishes that "those acts implement or execute an unconstitutional policy or custom of the subdivision." *Id.* Therefore, to recover against Brown County, the plaintiff must show, first, that Huckabay and McBride's conduct consisted of unconstitutional acts and, second, that those acts were done in furtherance of an unconstitutional policy or custom of Brown County.

■ The plaintiff faces no heightened pleading standard in alleging liability under section 1983, but a complaint must, at a minimum, contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir.1998). To state a claim under section 1983, a plaintiff must allege an act performed under color of state law that resulted in a constitutional injury. To hold a political subdivision liable for that act, the plaintiff must identify either an official policy or a widespread custom or practice that caused the plaintiff's injury. *Id.*

■ Here, the complaint is not artfully pleaded, but by taking all the allegations together in the light most favorable to the plaintiff and construing them liberally, as I must, I find that the plaintiff states facts sufficient to allege an excessive force claim. The plaintiff alleges that the collision resulted from Huckabay and McBride's unjustified use of deadly force against him and that Brown County officials had notice that the Sheriff's Department was using dangerous practices without proper training but failed to investigate. Filing No. 1, Complaint, at 3–4, ¶¶ 2A, 4; at 5, ¶¶ 1—4. The unjustified use of deadly force by county sheriffs would certainly represent an unconstitutional act, and if Brown County's training or policies on the use of deadly

force should be found defective, the plaintiff would be entitled to recover under section 1983.

The plaintiff is thus given leave to amend his complaint to more clearly plead a section 1983 cause of action based on excessive force. The defendants will, of course, be free to challenge the validity of such claims in a second motion to dismiss or a motion for summary judgment.

IT IS THEREFORE ORDERED:

1. The defendants' motions to dismiss, Filing Nos. 29, 30, and 31, are granted in part and denied in part as detailed in this memorandum and order.

2. The plaintiff is granted leave to amend the complaint in accordance with this memorandum and order. The amended complaint must be filed no later than September 5, 2002. Should the plaintiff fail to file an amended complaint by that date, the first and third claims for relief in the complaint, Filing No. 1, shall be dismissed.

3. Plaintiff's motion in opposition to defendants' motion to dismiss/strike, Filing No. 35, is denied as moot.