**In re Terry L. MCDOWELL, Wanda S. McDowell, Debtors.**

**Groth Services, Plaintiff,**

v.

**Terry L. McDowell, Wanda S. McDowell, Defendants.**

**Bankruptcy No. 03–00717–C.**

**Adversary No. 03–9123–C.**

United States Bankruptcy Court, N.D. Iowa.

Aug. 20, 2003.

James A. O'Brien, Dubuque, IA, for Defendants.

Roger Groth, Groth Services, Pro se.

Wesley B. Huisinga, Cedar Rapids, IA, for Trustee.

## ORDER RE MOTION TO DISMISS

PAUL J. KILBURG, Chief Judge.

This matter came before the undersigned for telephonic hearing on August 15, 2003. The matter before the court is a Motion to Dismiss. Debtors/Defendants Terry and Wanda McDowell were represented by their attorney, James A. O'Brien. Roger Groth of Groth Services appeared pro se as Plaintiff. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## STATEMENT OF THE CASE

Prepetition, Plaintiff installed a multi-flo, aerobic waste water system for Debtors at their home. Debtors failed to pay for the installation. Mr. Groth seeks to have his claim excepted from discharge. Debtors move to dismiss Mr. Groth's dischargeability complaint for failure to state a claim for which relief can be granted.

## STATEMENT OF FACTS

Mr. Groth filed a letter entitled "Complaint Objecting to Discharge of the Debtor *or* to Determine Dischargeability of Certain Debts" on June 13, 2003. This letter/complaint states:

On 10/09/02 Groth Services, a sole proprietorship, finished an installation of an onsite wastewater treatment system for Terry and Wanda McDowell at 2297 170th Ave., Manchester, IA 524057. This is a mechanical aerobic treatment system that requires regular and frequent service. The County of Delaware and the State of Iowa have specific laws dealing with this type of system. A maintenance contract with a manufacturer certified technician shall be maintained at all times (69.10(5)). Groth Services is required to furnish a 2 year service contract with the installation of the system. We have not been paid for this installation, so there is no service contract in force, nor is there one on file with Delaware County or the State of Iowa.

Please determine this as a nondischargeable debt, $7,573.71.

Attached to this letter/complaint is a notice to Debtors from Mr. Groth dated June 9, 2003, requesting payment in full in order to be covered by a service contract to maintain the system as required by Iowa law. It states "The Cost of this service contract covering your system is included with installation for two years as long as payment is received in full within 21 days of this letter. Otherwise Multi–Flo two year service contract is void."

Also included with the letter/complaint is a copy of a letter to Debtor Terry McDowell from the Delaware County Water and Sanitation Office dated 6/9/2003. This letter informs Debtors that the State and the County require all aerobic waste water systems to have a maintenance agreement. Both attachments cite Iowa Code sec. 69.10 for state law requirements related to Debtors' wastewater system.

Debtors assert Mr. Groth's complaint fails to allege any facts which would entitle Mr. Groth to exception from discharge un-

der § 523(a). At the hearing, Debtor's counsel argued that the prepetition debt for installation of the wastewater system is separate from any postpetition requirements for service or maintenance of the system. He argues the prepetition debt is discharged. Debtors would be liable for any debt arising for postpetition services required by the State or County for maintenance of the system.

At the telephonic hearing, Mr. Groth stated that he would not provide Debtors with subsequent service of the system because they failed to pay the initial cost of installation. He noted that there were no other service technicians in the area and Debtors' system will be unserviceable. Without service, the system will begin emitting raw sewage and the County will end up suing Debtors. Mr. Groth stated that these types of suits can also be lodged against the installation contractor.

## CONCLUSIONS OF LAW

Debtors move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. They assert Plaintiff's complaint fails to state a claim upon which relief can be granted. *See* Fed. R. Bankr.P. 7012(b) (making Fed.R.Civ.P. 12(b) applicable in Bankruptcy proceedings). A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim that would demonstrate an entitlement to relief. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 163–65, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Springdale Educ. Ass'n v. Springdale Sch. Dist.,* 133 F.3d 649, 651 (8th Cir.1998).

> When analyzing a dismissal under Rule 12(b)(6), we accept the factual allegations contained in the complaint as true and construe them in the light most favorable to the plaintiff.... At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations.

*Springdale Educ.,* 133 F.3d at 651. A motion to dismiss will be granted only if no set of facts would entitle the plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45–47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *McSherry v. Trans World Airlines, Inc.,* 81 F.3d 739, 740 (8th Cir.1996). The Rules do not require a plaintiff to set out in detail the facts supporting the claim. All the Rules require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Conley,* 355 U.S. at 47, 78 S.Ct. 99.

## ANALYSIS

The Court understands Mr. Groth's argument regarding his claim. He feels obligated to provide service and maintenance for Debtors' wastewater system which he installed. In order to comply with Iowa law as he understands it, he includes a two-year service agreement with installation of such a system. As Debtors have failed to pay for the installation, however, Mr. Groth has determined that he will not provide further service and maintenance. As his June 9, 2003 notice indicates, the Multi–Flo two year service contract is void. Debtors' wastewater system will lose compliance with regulations of Delaware County and the State of Iowa. The County will need to take action against Debtors to bring the system into compliance. Mr. Groth does not appear to be obligated to provide further services to maintain Debtors' wastewater system, in light of Debtors' failure to pay for the installation.

That being said, however, Mr. Groth has not alleged any of the circumstances set

out in § 523(a) which would allow this Court to determine his claim should be excepted from discharge. There are no facts or allegations which would indicate fraud or false pretenses by Debtors under § 523(a)(2) or (a)(4), or willful and malicious injury under § 523(a)(6). The remaining subsections of § 523(a) cover categories of debts which do not encompass Mr. Groth's claim for payment for installation of the wastewater system. Debtors have obviously breached their contract with Mr. Groth to pay for the installation he performed. Simple breach of contract, however, is not included in the limited exceptions to discharge in bankruptcy.

WHEREFORE, the Motion to Dismiss filed by Debtors Terry and Wanda McDowell is GRANTED.

FURTHER, Plaintiff Groth Services has failed to state a claim upon which relief can be granted.