# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-2086

_____

| | | |
|---|---|---|
| Randy Teinert, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Rashid Abdallah, also known as | * | |
| Rick; Mark Davis, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted: October 27, 2011
Filed: November 1, 2011

_____

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Randy Teinert appeals the district court's[1] dismissal with prejudice of certain claims in his civil action. After careful review, we conclude the district court did not abuse its discretion by denying Teinert's motion to amend on futility grounds, see Sprint Fidelis Leads Prods. Liab. Litig. v. Medtronic, Inc. (In re Medtronic, Inc.), 623 F.3d 1200, 1208 (8th Cir. 2010) (review standard; de novo review for legal conclusions supporting futility of amendment); Mayer v. Countrywide Home Loans,

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

647 F.3d 789, 792-93 (8th Cir. 2011) (fraud claim must allege time, place, and content of misrepresentation under Fed. R. Civ. P. 9(b)); or by dismissing his fraud claims with prejudice, see Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 653 (8th Cir. 1998) (review standard); Pet Quarters, Inc. v. Depository Trust & Clearing Corp., 559 F.3d 772, 782 (8th Cir. 2009) (Fed. R. Civ. P. 12(b)(6) dismissal with prejudice is not abuse of discretion when amendment would be futile).  We also conclude that this court lacks jurisdiction to review the denial of Teinert's postjudgment motion for disclosure of chambers papers, because he submitted his notice of appeal (NOA) prior to the motion's denial and did not timely file a new or amended NOA specifying the denial order.  See Fed. R. App. P. 4(a)(4)(B)(ii) (party must timely file new or amended NOA to appeal order that disposes of postjudgment motion).

Accordingly, we affirm.  See 8th Cir. R. 47B

_____