# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2722

_____

| | | |
|---|---|---|
| Vincent Sharnee Johnson, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Edward Earl Adams, Acting Chief, | * | |
| W.C. Dub Brassel Detention Center; | * | [UNPUBLISHED] |
| Randy Morgan, Jail Administrator | * | |
| Pulaski County Jail; Carl Johnson, | * | |
| Dr., Pulaski County Jail; Jim Hayes, | * | |
| Deputy, United States Marshal Service, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  February 15, 2012
Filed:  February 27, 2012

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Federal inmate Vincent Sharnee Johnson appeals the district court's[1] adverse grants of summary judgment in his civil rights action, in which he complained that defendants denied him proper treatment for a fractured bone in his hand while he was a federal pretrial detainee at the Pulaski County Regional Detention Facility (PCRDF) in 2008.[2]  We review de novo the grant of summary judgment, viewing the evidence and all reasonable inferences from it in a light most favorable to Johnson.  See Mason v. Corr. Med. Servs., Inc., 559 F.3d 880, 884-85 (8th Cir. 2009).  As the district court recognized, deliberate-indifference claims of pretrial detainees are analyzed under the Fourteenth Amendment, not the Eighth Amendment, but this makes little practical difference, see Davis v. Oregon County, Mo., 607 F.3d 543, 548 (8th Cir. 2010); and claims under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), are analyzed in the same manner, see Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999) (per curiam).

Johnson injured his hand at another jail, some eight days before his transfer to PCRDF on June 24.  The record reveals factual disputes as to what occurred when Johnson first saw Dr. Carl Johnson on July 2, and what occurred when an August 5 x-ray revealed a fracture around the knuckle of his right fifth finger.  However, the summary judgment record reveals no genuine dispute that, by the end of August, Johnson's fingers had been taped to treat the fracture.  And significantly, the record before the district court contained no medical evidence verifying that Johnson suffered any long-term detrimental effect from a delay in treatment.  See Laughlin v. Schriro, 430 F.3d 927, 929 (8th Cir. 2005) (when inmate bases Eighth Amendment claim on

---

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendations of the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, both sitting by designation in the Eastern District of Arkansas.

[2]Johnson has abandoned his claims against Edward Earl Adams, and we do not consider the new matters he raises in his reply brief.  See Neb. Plastics, Inc. v. Holland Colors Ams., Inc., 408 F.3d 410, 421 n.5 (8th Cir. 2005).

treatment delays, he must offer verifying medical evidence establishing detrimental effect of delays). Johnson also did not rebut evidence showing that, during a late-August visit, Dr. Johnson ordered another x-ray and planned to consult an orthopedist if the fracture was still evident on x-ray. We thus agree with the district court that there are no trialworthy issues on the claims against Dr. Johnson. See Langford v. Norris, 614 F.3d 445, 459-60 (8th Cir. 2010) (inmate must prove defendants knew of, but deliberately disregarded, objectively serious medical need; showing of more than even gross negligence is required).

Summary judgment was also warranted on the section 1983 claims against defendant PCRDF administrator Randy Morgan and on the Bivens claims against Deputy Marshal Jim Hays. See Mason, 559 F.3d at 884-85. Morgan's involvement was limited to responding to a grievance appeal on July 14 before the fracture was diagnosed, and Morgan's alleged failure to send treatment records with Johnson when he was transferred was not a constitutional violation. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (section 1983 claimant must allege violation of right secured by Constitution or federal law). Finally, Johnson did not adequately counter Hays's attestation that he lacked personal knowledge of Johnson's medical issue until he was served with the instant complaint. See Buford v. Runyon, 160 F.3d 1199, 1203 n.7 (8th Cir. 1998) (there is no respondeat superior liability in Bivens actions, and defendants are liable only for their personal actions). The district court is affirmed.

_____